## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| APPALACHIAN OIL COMPANY, INC. | * | CASE NO. 2:09-bk-50259 |
| | * | Chapter 11 |
| Debtor | * | |

## MOTION FOR INTERIM AND FINAL ORDERS
## (a) AUTHORIZING THE DEBTOR'S LIMITED USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363; (b) AUTHORIZING THE DEBTOR TO PAY CERTAIN PRE-PETITION WAGES, SALARIES AND OTHER COMPENSATION; (c) TO MAKE DEDUCTIONS AND WITHHOLDINGS FROM EMPLOYEE PAYCHECKS; (d) AUTHORIZING THE DEBTOR TO UTILIZE ITS CURRENT PAYROLL ACCOUNT TO MAKE SUCH PAYMENTS; AND (e) AUTHORIZING AND DIRECTING THE BANK ON WHICH THE CHECKS ARE DRAWN TO PAY ALL SUCH CHECKS MADE BY THE DEBTOR RELATIVE TO SUCH PAYMENTS

The Debtor, Appalachian Oil Company, Inc. ("APPCO"), pursuant to 11 U.S.C. § 105(a), § 363(b)(1), § 363(c)(2) and Fed. Bankr. R. 6003, moves for interim and final orders authorizing APPCO's limited use of cash collateral for the purpose of payment of certain pre-petition wages, salaries and other compensation; authorizing the Debtor to pay such pre-petition wages, salaries and other compensation; to make deductions from employee paychecks; to utilize its current payroll account to make such payments; and authorizing the bank on which the checks are drawn to pay all such checks made by the Debtor relative to such payments.

In support of this motion, the Debtor states as follows:

1.     The Debtor filed a voluntary petition in bankruptcy on February 9, 2009.  It is currently operating its business and managing its properties as debtor-in-possession.  No request for a trustee or examiner has been made and no committees have been designated or appointed.

2.     The Debtor is a petroleum jobber and supplies petroleum to one hundred seventy (170) dealers under long-term supply contracts.  It also owns and/or operates fifty eight (58) convenience markets located in Tennessee, Virginia and Kentucky.

3.     Prior to its bankruptcy filing, the Debtor entered into a senior credit facility with Greystone Credit II, LLC ("Greystone Credit") in the amount of $21,000,000 (the "Senior Credit Facility").  The Senior Credit Facility is secured by substantially all the assets of the Debtor.

4.     Currently, the Debtor employs 375 people, 19 of who are exempt or salaried employees, and 356 of which are non-exempt or hourly employees.  The exempt employees are due pre-petition wages of $57,489.72 and the 19 non-exempt employees are due pre-petition wages of $75,245.15, for a total of pre-petition compensation due of $132,734.87 (collectively the "Employee Compensation").   The due date or the date on which the Employee Compensation would be paid in the ordinary course of Debtor's business, absent bankruptcy, is February 13, 2009.  The non-exempt employees are cashiers and workers in the Debtor's convenience markets and these employees, as well as the exempt management personnel, perform critical functions in the management and operation of the Debtor's business.

5.      The Debtor maintains a payroll account at Branch Banking and Trust Company ("BB&T") (the "Payroll Account") which has already been funded to meet the Debtor's pre-petition payroll obligations described above.  Payment to the employees is made by check delivered to each employee or sent by overnight courier to the respective convenience stores and then delivered to the employees  If this motion is granted, the Debtor will not pay any employee more than $10,950.00 for the Employee Compensation. *See* 11 U.S.C. § 507(a)(3).

6.      During each pay period, the Debtor routinely deducts certain amounts from paychecks including, without limitation, (a) garnishments, child support, and similar deductions, (b) group health and dental insurance as selected by the employees (collectively the "Deductions"), and forwards those amounts to various third party recipients.  Further, the Debtor is required by law to withhold from their employee's wages amounts related to federal, state and local taxes, social security and Medicare taxes for remittance to the appropriate federal, state or local taxing authorities.  The Debtor must also pay state and unemployment insurance based on a percentage of gross payroll (collectively with the withheld amounts the "Payroll Taxes").

7.      The monies on deposit in the Payroll Account constitutes "cash collateral" within the meaning of 11 U.S.C. § 363(a).  Under 11 U.S.C. § 363(c)(2), the Debtor may not use cash collateral unless each entity with an interest in the cash collateral consents, or the court, after notice and hearing, authorizes such use in accordance with Section 363 of the Bankruptcy Code.  Greystone Credit, as the Debtor's secured lender, has an interest in the proceeds of the Payroll Account, and the Debtor avers that it believes that Greystone Credit has authorized or will authorize the use of such cash collateral for the purpose requested in this motion. Alternatively, the Debtor requests that the Court authorized the use of cash collateral to pay the Employee Compensation.

3

8.     The Debtor seeks to continue to honor its employee wages and benefit obligations to ensure the continued operation of Debtor's business and to maintain the morale of its employees, many of whom would suffer extreme personal hardship and financial difficulty if not paid.  Indeed, the Debtor believes without the requested relief, its non-exempt employees will seek alternate employment opportunities.  This would deplete the Debtor's workforce, hindering the ability to service customers and diminishing the confidence of its creditors of the Debtor's ability to reorganize.

9.     The Debtor maintains the Payroll Account and other operational accounts at BB&T.  It anticipates requesting authority from the Court to continue to maintain such accounts for its post-petition operations.  However, undue burden and hardship would be imposed on the Debtor if it was unable to utilize the Payroll Account to fund the Employee Compensation.  It is virtually impossible for the Debtor to open a new bank account to process these payroll checks and timely deliver the checks to the employees within their present due date.

10.     The requested relief is well within the scope of the authority contemplated by 11 .S.C. § 105(a), which provides that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."  Courts have frequently applied Section 105(a) to authorize substantially similar relief whether the debtor has a large workforce that is important to the preservation of its business.  *See* In re Chateaugary Corp., 80 B.R. 279, 287 (S.D. N.Y. 1987); In re Gulf Air, Inc., 112 B.R. 152, 154 (Bankr. W.D. La.); In re Ionosphere Clubs, Inc., 98 B.R. 174, 177 (Bankr. S.D. N.Y.).

11.     The Court may also grant the relief requested herein pursuant to Section 363 of the Bankruptcy Code which provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C.

§ 363(b)(1).   Under this section, a court may authorize the payment of certain pre-petition claims.   *See* In re Ionosphere Clubs, Inc., 98 B.R. at 175.   The Debtor has articulated a business justification for this request in that the failure to pay the Pre-petition Employee Compensation would have a material adverse impact on the day-to-day operations of the Debtor's business.

12.      Pursuant to Bankruptcy Rule 6003, the Court may grant relief regarding a motion to pay all or part of a pre-petition claim within twenty (20) days of the petition date if the relief is necessary to avoid immediate and irreparable harm.    The payment of the Employee Compensation in accordance with the terms of this motion is not only necessary for the Debtor's continued operation but is also critical to the survival of the Debtor's business.  The business of the Debtor depends on the operation of its workforce.   The Debtor also believes in its sound business judgment that continuation of their positive relationship with their employees is imperative to their continued operation and greatly increases the likelihood of a successful reorganization.

**WHEREFORE,** the Debtor requests that the Court enter interim and final orders: (a) authorizing the Debtor to pay the Employee Compensation from the Payroll Account; (b) to make the Deductions from the employee paychecks; (c) to make withholdings from the employee paychecks for Payroll Taxes; (d) authorizing and directing the bank on which the payroll checks are drawn to receive, process, honor and pay all such checks presented for payment; and (d) granting such other further relief as is just and proper.

HUNTER, SMITH & DAVIS, LLP

By:     _/s/Mark S. Dessauer_____
        Mark S. Dessauer, Esq.
        TN BPR NO. 010421
        Attorney for Debtor
        Post Office Box 3740
        Kingsport, Tennessee  37664
        (423)  378-8840; Fax: (423) 378-8801

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 12, 2009 the **(1) Motion For Interim and Final Orders (a) Authorizing the Debtor's Limited Use of Cash Collateral Pursuant to 11 U.S.C. § 363; (b) Authorizing the Debtor to Pay Certain Pre-Petition Wages, Salaries and Other Compensation; (c) To Make Deductions and Withholdings From Employee Paychecks; (d) Authorizing the Debtor to Utilize Its Current Payroll Account to Make Such Payments; and (e) Authorizing and Directing the Bank On Which The Checks Are Drawn To Pay All Such Checks Made by the Debtor Relative to Such Payments; (2) Notice of Hearing; and (3) Proposed Order** were filed electronically.  All parties on the attached Service List will receive copies of this document.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties, if any, have been served by hand delivery, overnight delivery, facsimile transmission, or by mailing a copy of same by United States Mail, postage prepaid.

**HUNTER, SMITH & DAVIS, LLP**

_/s/ Mark S. Dessauer_
Mark S. Dessauer

DESSAUER: A-B
APPALACHIAN OIL
APPCO.85049

Re:    **APPALACHIAN OIL COMPANY, INC., Case No.: 2:09-bk-50259**

## <u>CREDITOR MATRIX</u>

Appalachian Oil Company, Inc.
P.O. Box 1500
Blountville, TN 37617-1500

Amoco/BP
P.O. Box 460849
Houston, TX 77056

Crescent Oil Company, Inc.
P.O. Box 6667
Independence, KS 67301

Citgo Petroleum Corp.
P.O. Box 3758
Tulsa, OK 74136

Marathon Ashland Petroleum, LLC
539 S. Main St.
Findlay, Ohio 45840

LP Shanks
P.O. Box 1068
Crossville, TN 38557

Valero Marketing & Supply Co.
P.O. Box 500
San Antonio, TX 78292-0500

Conoco-Phillips
Box 75201
Charlotte, NC 28275

Y A Landholdings, LLC
101 Hudson Street, Suite 3700
Jersey City, NJ 07302

American Management Corp.
P.O. Box 2020
Conway, AZ 72033

Regal Petroleum Terminal
P.O. Box 52975
Knoxville, TN 37950

Western Union
125 Liverpool Drive
Madison, AL 35758

Management Properties
P.O. Box 1500
Blountville, TN 37617

Brown Food Service, Inc.
P.O. Box 690
500 East Clayton Lane
Louisa, KY 41230

Pepsi-Cola Company
P.O. Box 75948
Chicago, IL 60675-5693

Ryder Transportation Services
P.O. Box 96723
Chicago, IL 60693

Pet Dairy
Box 60498
Charlotte, NC 28260-0498

Coca-Cola Bottling Co.
P.O. Box 751356
Charlotte, NC 28275-1356

Frito-Lay #2
P.O. Box 643103
Pittsburg, PA 15264-3103

Royal Cup Coffee, Inc.
P.O. Box 170971
Birmingham, AL 35217

B & B Distributors
P.O. Box 276
Staffordsville, KY 41256

Greystone Credit II, LLC
c/o Glenn B. Rose, Esq.
Harwell Howard Hyne Gabbert & Manner, P.C.
315 Deaderick St., Suite 1800
Nashville, TN 37238

Greystone Credit II, LLC
Craig V. Gabbert, Jr., Esq.
Harwell Howard Hyne Gabbert & Manner, P.C.
315 Deaderick St., Suite 1800
Nashville, TN 37238

BP Products North America, Inc.
c/o James S. Carr, Esq. and Jason R. Adams, Esq.
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178