IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| APPALACHIAN OIL COMPANY, INC., ) | Case No. 2:09-50259 |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

**OBJECTION FILED BY GREYSTONE CREDIT II, LLC TO THE
MOTION FOR INTERIM AND FINAL ORDERS (a) AUTHORIZING THE
DEBTOR'S LIMITED USE OF CASH COLLATERAL PURSUANT TO
11 U.S.C. § 363; (b) AUTHORIZING THE DEBTOR TO PAY CERTAIN
PRE-PETITION WAGES, SALARIES AND OTHER COMPENSATION
(c) TO MAKE DEDUCTIONS AND WITHHOLDINGS FROM EMPLOYEE
PAYCHECKS; (d) AUTHORIZING THE DEBTOR TO UTILIZE ITS
CURRENT PAYROLL ACCOUNT TO MAKE SUCH PAYMENTS; AND
(e) AUTHORIZING AND DIRECTING THE BANK ON WHICH THE
CHECKS ARE DRAWN TO PAYY ALL SUCH CHECKS MADE
BY THE DEBTOR RELATIVE TO SUCH PAYMENTS**

COMES NOW, Greystone Credit II, LLC ("Greystone"), by and through counsel, and hereby objects to the Motion for Interim and Final Orders (a) Authorizing the Debtor's Limited Use of Cash Collateral Pursuant 11 U.S.C. § 363 (b) Authorizing the Debtor to Pay Certain Pre-Petition Wages, Salaries and Other Compensation; (c) to Make Deductions and Withholdings From Employee Paychecks; (d) Authorizing the Debtor to Utilize Its Current Payroll Account to Make Such Payments; and (e) Authorizing and Directing the Bank on Which the Checks are Drawn to Pay all Such Checks Made by the Debtor Relative to Such Payments (the "Motion").

1. Greystone objects to Debtor's Motion on the grounds of lack of sufficient notice. The Motion was filed well after business hours on Thursday evening, February 12, 2009, and seeks a hearing at 2:00 p.m. on Friday, February 13, 2009.

2. Debtor's Motion is not accompanied by information typically included in connection with emergency motions for the use of cash collateral. Greystone has requested

410974-1

information regarding the list of employees to be paid and the amount to be paid to each, the source of the cash being used to make the proposed payments, a budget reflecting Debtor's receipts and disbursements since the filing of the petition and for the next week, and for confirmation that all of the employees to be paid remain employees and have not been terminated or quit. Debtor has not yet provided any of that information.

3. Greystone asserts, and Debtor's Motion admits, that Greystone has a security interest in Debtor's cash collateral and that Debtor proposes to use that cash collateral to pay the wages included in the Motion, but Debtor offers no adequate protection to Greystone, as required by 11 U.S.C. § 363(e).

4. Greystone at this time does not consent to the use of Cash Collateral as provided for in the Motion. At a minimum, Greystone asserts that, as and for adequate protection of the use of cash collateral, Greystone should be granted (effective immediately and without the necessity of the execution or filing by the Debtor of a security agreement, financing statements, trademark, copyright, tradename, or patent assignment filings with the United States Patent and Trademark Office or Copyright Office, mortgages, landlord lien waivers, license consents or otherwise), pursuant to Sections 361(2), 363(e) and 552 of the Bankruptcy Code, a replacement, post-petition security interest in and lien upon all of the Debtor's assets of the same type in which the Greystone holds a prepetition lien or security interest, to the extent that the Debtor's use of cash collateral results in any decrease, following the petition date, in the value of the collateral securing the Greystone's claims, with such replacement liens having the same validity as the Greystone's liens and security interests in prepetition collateral. Any order authorizing the use of cash collateral should also provide that replacement liens and priority granted to the Greystone as adequate protection with respect to the property of the Debtor's estate shall be

410974-1

perfected by operation of law upon entry of an interim order by the Court and that Greystone shall not be required to enter into or to obtain mortgagee waivers, bailee waivers, or warehouseman waivers or to file or record financing statements, mortgages, deeds of trust, leasehold mortgages, notices of lien or similar instruments in any jurisdiction (including trademark, copyright, tradename or patent assignment filings with the United States Patent and Trademark Office, Copyright Office or any similar agency with respect to intellectual property), or obtain consents from any licensor or similar party-in-interest, or to take any other action in order to validate and to perfect the replacement security interest and lien granted to Greystone pursuant to any interim order granting the use of cash collateral.

5. Greystone asserts that Debtor cannot establish that there is a reasonable likelihood that it will prevail at the final hearing regarding its use of the cash collateral.

6. Greystone reserves the right to amend its objections at the hearing, given the shortness of notice.

REMAINDER OF THIS PAGE INTENTIONALLY BLANK

410974-1

WHEREFORE, Greystone respectfully requests the Court to deny Debtor's Motion and to require Debtor to segregate and account for all cash collateral currently in its possession, custody or control, as well as all cash collateral that has been received and/or expended since the filing of this case on Monday, February 9, 2009.

Respectfully submitted,

HARWELL HOWARD HYNE
GABBERT & MANNER, P.C.

/s/  Glenn B. Rose
Craig V. Gabbert, Jr.
Glenn B. Rose
315 Deaderick Street, Suite 1800
Nashville, TN  37238
Telephone:  (615) 256-0500
Facsimile:  (615) 251-1059
Email:  cvg@h3gm.com
          gbr@h3gm.com

*Counsel for Greystone Credit II, LLC*

and

OTTERBURG, STENDLER, HOUSTON
& ROSEN, P.C.

Jonathan N. Helfat
230 Park Avenue
New York, NY  10169
Telephone:  (212) 661-9100
Facsimile:  (212) 682-6104
Email:  jhelfat@oshr.com

*Counsel for Greystone Credit II, LLC*