IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

IN RE: )
)
APPALACHIAN OIL COMPANY, INC., ) Case No. 2:09-50259
) Chapter 11
Debtor. )
)

## **INTERIM ORDER**

This matter came on for hearing at 2:00 p.m. on February 13, 2009, upon consideration of the Debtor's motion to: (a) authorize the limited use of cash collateral; (b) pay certain pre-petition wages, salaries and other compensation; (c) to make deductions and withholdings from employee paychecks; (d) authorize the Debtor to utilize its current payroll account to make such payments; and (e) authorize and directing the bank on which the checks are drawn to pay all such checks made by the Debtor relative to such payments (the "Motion") and upon the objection to the Motion filed by Greystone Credit II, LLC ("Greystone"), **IT IS HEREBY ORDERED:**

1. That the objection of Greystone is overruled, and the Motion is **granted** on an interim basis pursuant to the provisions of this Order pending a FINAL HEARING ON THE MOTION TO BE HELD AT 9:00 A.M. ON MARCH 10, 2009;

410987-2

2. That the Debtor is authorized to pay the Employee Compensation (as defined in the Motion);

3. That the Debtor is authorized to make Deductions (as defined in the Motion) from the employee paychecks and the required withholdings for the payment of Payroll Taxes (as defined in the Motion);

4. That the Debtor is authorized to utilize individual checks drawn on the Payroll Account (as defined in the Motion) to pay the Employee Compensation;

5. That, notwithstanding any other provisions in this Order, and consistent with Section 507(a)(4) of the Bankruptcy Code, the Debtor shall not pay any individual employee more than $10,950 for Employee Compensation during the interim period prior to the entry of a final order;

6. That Branch Banking and Trust Company, the bank on which the payroll checks are drawn in payment of the Employee Compensation, is authorized and directed to receive, honor and pay all such checks provided there are sufficient funds in the Payroll Account to cover such checks;

7. That the Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order;

8. That, notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(g), 7062 and 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its signing and filing;

9. That, as and for adequate protection of the use of cash collateral, Greystone is hereby granted (effective immediately and without the necessity of the execution or filing by the

410987-2

Debtor of a security agreement, financing statements, trademark, copyright, tradename, or patent assignment filings with the United States Patent and Trademark Office or Copyright Office, mortgages, landlord lien waivers, license consents or otherwise), pursuant to Sections 361(2), 363(e) and 552 of the Bankruptcy Code, a replacement, post-petition security interest in and lien upon all of the Debtor's assets of the same type in which Greystone holds a prepetition lien or security interest to the same extent, validity and priority as Greystone's pre-petition liens and security interests, to the extent that the Debtor's use of cash collateral results in any decrease, following the petition date, in the value of the collateral securing Greystone's claims, with such replacement liens having the same validity as Greystone's liens and security interests in prepetition collateral. The replacement liens and priority granted to Greystone in this Order as adequate protection shall be perfected by operation of law upon entry of this Order, and Greystone shall not be required to enter into or to obtain mortgagee waivers, bailee waivers, or warehouseman waivers or to file or record financing statements, mortgages, deeds of trust, leasehold mortgages, notices of lien or similar instruments in any jurisdiction (including trademark, copyright, tradename or patent assignment filings with the United States Patent and Trademark Office, Copyright Office or any similar agency with respect to intellectual property), or obtain consents from any landlord, licensor or similar party-in-interest, or to take any other action in order to validate and to perfect the replacement security interests and liens granted to Greystone pursuant to this interim Order authorizing the use of cash collateral.

BALANCE OF THIS PAGE INTENTIONALLY LEFT BLANK

410987-2

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY
AS INDICATED AT THE TOP OF THE FIRST PAGE

APPROVED FOR ENTRY:

/s/ Mark S. Dessauer
Mark S. Dessauer, Esq. (TN BPR No. 010421)
HUNTER, SMITH & DAVIS, LLP
Attorney for Debtor
Post Office Box 3740
Kingsport, TN 37664
Telephone: (423) 378-8840
Facsimile: (423) 378-8801

Counsel for the Debtor

and

/s/ Patricia C. Foster
Patricia C. Foster
UNITED STATES TRUSTEE OFFICE
800 Market Street, Suite 114
Knoxville, TN 3702
Telephone: (865) 545-4754
Facsimile: (865) 545-4325
Email: patricia.foster@usdoj.gov

Counsel for the U. S. Trustee

410987-2