UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| APPALACHIAN OIL COMPANY, INC. | * | CASE NO. 2:09-bk-50259 |
| | * | Chapter 11 |
| Debtor | * | |

## APPLICATION BY DEBTOR AND DEBTOR-IN-POSSESSION FOR AUTHORITY TO EMPLOY BANKRUPTCY COUNSEL

> *NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING*
>
> *Pursuant to Local Rule 9013-1(h), the Court may consider this matter without further notice or hearing unless a party in interest files an objection. If you object to the relief requested in this paper, you must file with the clerk of the Court at James H. Quillen United States Courthouse, 220 West Depot Street, Greeneville, Tennessee 37743 within twenty (20) days from the date this paper was filed and serve a copy on Mark S. Dessauer, Esq., Attorney for Movant; and Patricia Foster, Attorney for United States Trustee. If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the relief requested in this paper and may grant the relief requested without further notice or hearing.*

Appalachian Oil Company, Inc. ("Applicant" or "Debtor"), Debtor and debtor-in-possession, respectfully submits the following Application to the Court.

1. Applicant is a Debtor in a Chapter 11 reorganization case pending before this Court. Applicant commenced this bankruptcy case by filing a voluntary Chapter 11 Petition on February 9, 2009.

2. Applicant remains in possession of its assets and continues to operate its business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1101(1), 1107 and 1108.

3. The Debtor is engaged in the business of an oil jobber and owns and operates fifty-eight (58) convenience markets located in Tennessee, Virginia and Kentucky.

4. Hunter, Smith & Davis, LLP and Mark S. Dessauer, Esq. ("Counsel"), commencing on February 9, 2009, consulted with the Debtor with respect to matters regarding insolvency and the filing of Applicant's Chapter 11 petition. Counsel has advised Applicant in connection with the commencement of this bankruptcy case and is familiar with the legal and financial issues and problems facing the Debtor.

5. Counsel has agreed to represent Applicant and Applicant believes it necessary to have such Counsel employed as bankruptcy counsel in this Chapter 11 case to represent it as a Debtor and as a debtor-in-possession. Such employment may include the examination of claims of creditors in order to determine their validity; giving advice and counsel to Applicant in connection with legal problems, including use of cash collateral, sale or lease of property of the estate, obtaining credit, assumption and rejection of unexpired leases and executory contracts, requests for security interests, enforcement of and seeking relief from the automatic stay, special treatment, payment of pre-petition obligations, negotiations with creditors holding secured and unsecured claims for a plan of reorganization; drafting a plan of reorganization and disclosure statement; objecting to claims as may be appropriate and, in general, acting on behalf of Applicant in any and all bankruptcy law matters which may arise in the course of this case. Such services will concern the rights and remedies of Applicant with regard to the assets of its estate and with regard to secured, priority or unsecured claims which may be asserted in these cases.

6. It may be necessary for Counsel to appear in and prosecute or defend suits and proceedings, if any, when they arise, and to take all necessary and proper steps in other

matters and things involving bankruptcy law or connected with the affairs of the bankruptcy estate if and when a necessity exists therefor.

7.  It is necessary for Applicant to employ Counsel to undertake such actions as may be appropriate or necessary in connection with the preservation and realization of the equity of the Chapter 11 estate. Further, it is necessary and appropriate to employ bankruptcy counsel to advise Applicant so that it may properly comply with all provisions of the <u>Bankruptcy Code</u>, the <u>Federal Rules of Bankruptcy Procedure</u>, the <u>Local Bankruptcy Rules</u> and the requirements and guidelines of the United States Trustee.

8.  Applicant proposes, upon the granting of this Application, to employ Counsel as its bankruptcy counsel. Mr. Dessauer is experienced in insolvency, bankruptcy and reorganization matters and is well qualified to represent the Debtor. Counsel understands and agrees to accept such amount of its fees as may be awarded therefor by this Court. No compensation has been or will be paid post-petition by the Debtor to Counsel except upon proper application to and approval by the Bankruptcy Court after notice and a hearing. Counsel proposes to charge the Debtor the following rates for its services:  Partners - $300.00; Associates - $140.00 - $225.00; Paralegals - $125.00.

9.  To the best of the knowledge, information and belief of Applicant, Counsel represents no creditor or other party-in-interest in this Chapter 11 case, except as set forth on **Exhibit A** attached.

10.  As further stated in the annexed Declaration of Mark S. Dessauer, Counsel has been rendering specialized advice to Applicant, including matters relating to insolvency, and does not have any interest adverse to the Debtor or its bankruptcy estate.

11. The source of funds for the advance against fees and costs in the sum of $75,000.00 transferred to Hunter, Smith & Davis, LLP by Applicant prior to the commencement of this Chapter 11 case was the Debtor's lender on behalf of the Debtor. Counsel has not been paid any monies for pre-petition fees and expenses.

12. It is in the best interest of Applicant that Counsel continue to render counsel and advice to the Debtor.

13. Applicant is satisfied from the attached declaration of Mark S. Dessauer that Counsel represents no interest adverse to Applicant or the estate and that the employment of said Counsel as bankruptcy counsel would be in the best interest of the Chapter 11 estate.

14. No compensation will be paid to Counsel post-petition by Applicant, except upon application to and approval by the Bankruptcy Court after notice and a hearing.

**IN SUPPORT OF THIS APPLICATION**, the Debtor submits the Declaration of Mark S. Dessauer.

**WHEREFORE**, the Debtor respectfully requests that it be authorized, pursuant to 11 U.S.C. § 327(a) and 11 U.S.C. § 1107(a), and in accordance with Fed. R. Bankr. P. 2014(a) of the Federal Rules of Bankruptcy Procedure, to employ Counsel as general bankruptcy counsel, at the expense of the Chapter 11 estate, as of the commencement of this bankruptcy case.

**DATED:** February 16, 2009.

**Respectfully submitted,**

HUNTER, SMITH & DAVIS, LLP
By: */s/Mark S. Dessauer*
Mark S. Dessauer, Esq.
TN BPR NO. 010421
Attorney for Debtor
Post Office Box 3740
Kingsport, Tennessee 37664
(423) 378-8840; Fax: (423) 378-8801

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 16, 2009, the forgoing: **(1) Application by Debtor and Debtor-In-Possession for Authority to Employ Bankruptcy Counsel; (2) Declaration of Mark S. Dessauer; and (3) Proposed Order** were filed electronically. All Parties on the attached service list will receive copies of this pleading. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties, if any, have been served by hand delivery, overnight delivery, facsimile transmission, or by mailing a copy of same by United States Mail, postage prepaid.

HUNTER, SMITH & DAVIS, LLP
BY */s/Mark S. Dessauer*
Mark S. Dessauer

DESSAUER: A-B
APPALACHIAN OIL
APPCO.85049

5

Re: APPALACHIAN OIL COMPANY, INC., Case No.: 2:09-bk-50259

## CREDITOR MATRIX

Appalachian Oil Company, Inc.
P.O. Box 1500
Blountville, TN 37617-1500

Patricia Foster, Esq.
Attorney for the U. S. Trustee
800 Market Street
Suite 114, Howard Baker U. S. Courthouse
Knoxville, Tennessee 37902

Amoco/BP
P.O. Box 460849
Houston, TX 77056

Crescent Oil Company, Inc.
P.O. Box 6667
Independence, KS 67301

Citgo Petroleum Corp.
P.O. Box 3758
Tulsa, OK 74136

Marathon Ashland Petroleum, LLC
539 S. Main St.
Findlay, Ohio 45840

Coca-Cola Bottling Co.
P.O. Box 751356
Charlotte, NC 28275-1356

B & B Distributors
P.O. Box 276
Staffordsville, KY 41256

BP Products North America, Inc.
c/o James S. Carr, Esq. and
Jason R. Adams, Esq.
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178

LP Shanks
P.O. Box 1068
Crossville, TN 38557

Valero Marketing & Supply Co.
P.O. Box 500
San Antonio, TX 78292-0500

Conoco-Phillips
Box 75201
Charlotte, NC 28275

Y A Landholdings, LLC
101 Hudson Street, Suite 3700
Jersey City, NJ 07302

American Management Corp.
P.O. Box 2020
Conway, AZ 72033

Regal Petroleum Terminal
P.O. Box 52975
Knoxville, TN 37950

Frito-Lay #2
P.O. Box 643103
Pittsburg, PA 15264-3103

Greystone Credit II, LLC
c/o Glenn B. Rose, Esq.
Harwell Howard Hyne Gabbert & Manner, P.C.
315 Deaderick St., Suite 1800
Nashville, TN 37238

Western Union
125 Liverpool Drive
Madison, AL 35758

Management Properties
P.O. Box 1500
Blountville, TN 37617

Brown Food Service, Inc.
P.O. Box 690
500 East Clayton Lane
Louisa, KY 41230

Pepsi-Cola Company
P.O. Box 75948
Chicago, IL 60675-5693

Ryder Transportation Services
P.O. Box 96723
Chicago, IL 60693

Pet Dairy
Box 60498
Charlotte, NC 28260-0498

Royal Cup Coffee, Inc.
P.O. Box 170971
Birmingham, AL 35217

Greystone Credit II, LLC
Craig V. Gabbert, Jr., Esq.
Harwell Howard Hyne Gabbert & Manner, P.C.
315 Deaderick St., Suite 1800
Nashville, TN 37238