**SO ORDERED.**

**SIGNED this 20 day of February, 2009.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.



_____
**Marcia Phillips Parsons**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| APPALACHIAN OIL COMPANY, INC. | * | CASE NO. 2:09-bk-50259 |
| | * | Chapter 11 |
| Debtor | * | |

## INTERIM ORDER

Upon consideration of the Debtor's Second Motion to: (a) authorize the limited use of cash collateral; (b) pay certain pre-petition wages, salaries and other compensation; (c) to make deductions and withholdings from employee paychecks; (d) authorize the Debtor to utilize its current payroll account to make such payments; and (e) authorize and direct the bank on which such checks are drawn to pay all such checks made by the Debtor relative to such payments (the "Motion"), **IT IS HEREBY ORDERED:**

1. That the Motion is **granted** on an interim basis pursuant to the provisions of this Order pending a final hearing on the Motion to be scheduled for March 10, 2009, Bankruptcy Courtroom, James H. Quillen United States Courthouse, Greeneville, Tennessee;

2. That the Debtor is authorized to pay the compensation to the Debtor's employees identified in the spreadsheet provided to counsel for Greystone Credit II, Inc. ("Greystone") and the Office of the United States Trustee on February 19, 2009 in the amounts set forth on the spreadsheet and for the pay periods set forth in the Motion; provided however, that no sums shall be paid to any of those certain APPCO employees included in the Motion who perform administrative functions for Crescent Fuel, Inc., as described in the Motion, unless and until the Debtor has received by wire or ACH transfer all of the amounts due from Crescent Fuel Inc. to fund the amounts due to these employees. Because the amounts to be transferred by Crescent Fuel, Inc. are amounts due for services provided, Crescent Fuel, Inc. shall have no claim against the Debtor or its estate for the amounts transferred to the Debtor pursuant to this Order.

3. That the Debtor is authorized to make Deductions (as defined in the Motion) from the employee paychecks and the required withholdings for the payment of Payroll Taxes (as defined in the Motion);

4. That the Debtor is authorized to utilize individual checks drawn on the Payroll Account (as defined in the Motion) to pay the employee compensation as described and set forth in the Motion;

5. That, notwithstanding any other provisions in this Order, and consistent with Section 507(a)(4) of the Bankruptcy Code, the Debtor shall not pay any individual employee more than $10,950 (including sums previously paid to the Debtor's employees as authorized by

previous orders of the Court) for compensation during the interim period prior to the entry of a final order;

6. That the Debtor is authorized to expend up to $10,000 to pay routine convenience store operational costs such as postage, routine maintenance, deli purchases and other routine costs for the weeks ending February 15, 2009; February 22, 2009 and March 1, 2009, provided any single expenditure shall not exceed $500.00 absent approval of Greystone Credit;

7. That Branch Banking and Trust Company, the bank on which the payroll checks are drawn in payment of the Employee Compensation, is authorized and directed to receive, honor and pay all such checks provided there are sufficient funds in the Payroll Account to cover such checks;

8. That the Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order;

9. That, notwithstanding the possible applicability of <u>Fed. R. Bankr. P.</u> 6004(g), 7062 and 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its signing and filing; and

10. That, as and for adequate protection of the use of cash collateral authorized by the Motion, Greystone is hereby granted (effective immediately and without the necessity of the execution or filing by the Debtor of a security agreement, financing statements, trademark, copyright, tradename, or patent assignment filings with the United States Patent and Trademark Office or Copyright Office, mortgages, landlord lien waivers, license consents or otherwise),

pursuant to Sections 361(2), 363(e) and 552 of the Bankruptcy Code, a replacement, post-petition security interest in and lien upon all of the Debtor's assets of the same type in which Greystone holds a prepetition lien or security interest to the same extent, validity and priority as Greystone's pre-petition liens and security interests, to the extent that the Debtor's use of cash collateral results in any decrease, following the petition date, in the value of the collateral securing Greystone's claims, with such replacement liens having the same validity as Greystone's liens and security interests in prepetition collateral.  The replacement liens and priority granted to Greystone in this Order as adequate protection shall be perfected by operation of law upon entry of this Order, and Greystone shall not be required to enter into or to obtain mortgagee waivers, bailee waivers, or warehouseman waivers or to file or record financing statements, mortgages, deeds of trust, leasehold mortgages, notices of lien or similar instruments in any jurisdiction (including trademark, copyright, tradename or patent assignment filings with the United States Patent and Trademark Office, Copyright Office or any similar agency with respect to intellectual property), or obtain consents from any landlord, licensor or similar party-in-interest, or to take any other action in order to validate and to perfect the replacement security interests and liens granted to Greystone pursuant to this interim Order authorizing the use of cash collateral.

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY
AS INDICATED AT THE TOP OF THE FIRST PAGE


**###**

**APPROVED FOR ENTRY:**

***s/Mark S. Dessauer***
Mark S. Dessauer, Esq. (TN BPR NO. 010421)
HUNTER, SMITH & DAVIS, LLP
Attorney for Debtor
Post Office Box 3740
Kingsport, Tennessee 37664
(423) 378-8840; Fax: (423) 378-8801


/s/ Patricia C. Foster
Patricia C. Foster
UNITED STATES TRUSTEE OFFICE
800 Market Street, Suite 114
Knoxville, TN 3702
Telephone: (865) 545-4754
Facsimile: (865) 545-4325
Email: patricia.foster@usdoj.gov

Counsel for the U. S. Trustee


/s/ Glenn B. Rose
HARWELL HOWARD HYNE GABBERT & MANNER, PC
315 Deaderick Street, Suite 1800
Nashville, TN 37238
Telephone (615) 256-0500
Fax (615) 251-1059
Email: gbr@h3gm.com

Counsel for Greystone Credit II, LLC.


**DESSAUER: A-B**
**APPALACHIAN OIL**
**APPCO.85049**