UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| APPALACHIAN OIL COMPANY, INC. | * | CASE NO. 2:09-bk-50259 |
| | * | Chapter 11 |
| Debtor | * | |

# MOTION TO ASSUME AND ASSIGN EXECUTORY CONTRACT AND FOR AUTHORITY TO PAY COMMISSION

The Debtor, Appalachian Oil Company, Inc. (the "Debtor" or "APPCO"), pursuant to 11 U.S.C. § 365(a) and Fed. R. Bankr. P. 6006, moves to assume and assign an executory contract for the sale and purchase of denatured ethanol. In support of this motion, APPCO states as follows.

1. APPCO filed a voluntary Chapter 11 petition in bankruptcy on February 9, 2009. It is currently operating its business and managing its properties as debtor-in-possession. No request for a trustee or examiner has been made and no committee has been designated or appointed.

2. The Debtor is in the business of a petroleum jobber. It also owns and/or operates fifty-eight (58) convenience markets located in Tennessee, Virginia and Kentucky. The Debtor's fifty-eight (58) convenience stores continue to be open and operational post-petition.

3. On July 8, 2008, APPCO entered into an agreement with Tate & Lyle Ingredients Americas, Inc. ("Tate and Lyle"), as seller, and APPCO, as buyer, through Energy Outsourcing, LLC, as agent or broker, to purchase 250,000 gallons of denatured ethanol during each of the months of January, February and March, 2009 for a purchase price of -.52 RBOB FOB Cummins Terminal, Knoxville, Tennessee (the "Ethanol Purchase Agreement"). A true and exact copy of the Ethanol Purchase Agreement is attached hereto as **Exhibit No. 1**.

4. APPCO also entered into a pre-petition agreement with Strategic Bio Energy, LLC ("Strategic") for Strategic to buy APPCO's ethanol for a price of $1.44 per gallon. During the months of January and February, 2009 and prior to the Debtor's bankruptcy filing, APPCO assigned its rights under the Ethanol Purchase Agreement to Strategic whereby Strategic purchased the 250,000 gallons of ethanol for the months of January and February, 2009 from Tate & Lyle for the per gallon price set forth in the Ethanol Purchase Agreement and then paid APPCO the difference based on the $1.44 per gallon pricing arrangement with Strategic. Both the January 2009 and February 2009 transactions were completed pre-petition.

5. During the pre-petition period, the transaction between these parties worked substantially as follows: Strategic paid Tate & Lyle directly the sum equal to the then per gallon price as computed in accordance with the terms of the Ethanol Purchase Agreement x 250,000. After Tate & Lyle confirmed the wire receipt, Tate & Lyle forwarded loading numbers to APPCO which it, in turn, forwarded to Strategic. Strategic then wired the price differential to APPCO and Strategic was able to load the 250,000 gallons of ethanol.

6. APPCO desires to assume the Ethanol Purchase Agreement and assigns its rights thereunder to Strategic for the purchase of the 250,000 gallons of ethanol for March 2009 pursuant to the form of transaction that has occurred between the parties pre-petition as

2

described above. APPCO has not breached the terms of the Ethanol Purchase Agreement and it remains in full force and effect. APPCO is unaware of any facts that would lead APPCO to believe that Tate & Lyle is unable to perform under the Ethanol Purchase Agreement for the March sale.

7.    APPCO believes that, if this motion is approved by the Court, the transaction under the Ethanol Purchase Agreement for March 2009 will substantially occur as follows using the following estimates. There are currently six (6) pricing days (as of 2/20/09) under the Ethanol Purchase Agreement, but the average price, based on the price computations contained therein, assuming no change to the end of February, is $.6131 per gallon. Using the above estimated price, Strategic will pay Tate & Lyle approximately $153,275 on March 2, 2009 (250,000 x $.6131). After Tate & Lyle confirms receipt of the money, it will provide loading numbers to APPCO which APPCO will in turn provide to Strategic. Once Strategic receives the loading numbers, it will wire APPCO the difference in the two per gallon prices which, under this estimate, is $206,725 (250,000 x (1.44-.6131)). The only cost to APPCO is $2,000 which is the commission due Energy Outsourcing, LLC for the March 2009 portion of the transaction.

8.    Strategic has advised APPCO that, unless APPCO can confirm supply of the 250,000 gallons of ethanol for March 2009 under the Ethanol Purchase Agreement by the close of business on February 23, 2009, Strategic will be forced to acquire the ethanol from an alternate source. APPCO has also been informed by Tate & Lyle that it will not supply the 250,000 gallons of ethanol in March 2009 to APPCO or Strategic without the confirmation of the Ethanol Purchase Agreement and the approval by the Court of its assumption by APPCO and assignment to Strategic.

9. On September 17, 2007, the Debtor entered into a Loan and Security Agreement with Greystone Credit II, LLC ("Greystone Credit"), as agent and lender, providing for a revolving line of credit in the maximum amount of $20,000,000 less certain amounts advanced under a Loan and Security Agreement dated December 29, 2006 to certain of APPCO's affiliates (the "Loan Agreement"). The Loan Agreement is secured by substantially all the assets of APPCO. Although Greystone Credit presumably has a security interest in the contract rights created by APPCO's assignment of its rights under the Ethanol Purchase Agreement, APPCO is unaware of any provisions of the Loan Agreement that require Greystone Credit's express consent to the transaction proposed herein. Nevertheless, APPCO reasonably believes that Greystone Credit will not object to the transactions contemplated by this motion.

10. Section 365(a) of the Bankruptcy Code provides in pertinent part:

> Except as provided in Sections 765 and 766 of this title and in Subsections (b), (c) and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

The traditional test courts use to evaluate a debtor's decision to assume an unexpired lease is that of business judgment. In re Trak Auto Corporation, 2002 WL 32129975 *2 (Bankr. E.D. Va. 2002), citing N.L.R.B. v. Beldisco and Bildisco, 410 U.S. 513 (1984). The Court is to examine the contract to be assumed or rejected and analyze the debtor's exercise of business judgment to determine if the proposed assumption or rejection is in the best interests of the estate. See In re Gateway Apparel, Inc., 210 B.R. 567, 570 (Bankr. E.D. Mo. 567, 570); In re Wheeling-Pittsburg Steel Corp., 72 B.R. 845, 847 (Bankr. W.D. Pa. 1987). Here, the assumption of the Ethanol Purchase Agreement is in the best interests of the estate as the assumption, along with the sale to Strategic, will generate an estimated $206,725 for the bankruptcy estate with no cost outlay or risk for the Debtor. Further, there is no harm to creditors by the assumption because

there is no ongoing or continuing liability of the Debtor under the Ethanol Purchase Agreement being assumed. The estimated $206,725 to the Debtor will help finance the debtor's continued operations which can only be viewed as a benefit to the estate and its creditors.

11. APPCO further requests that the Court waive the ten (10) day stay requirement of Fed. Bankr. R. 6006(d). A court may reduce or waive the ten (10) day stay period when there is a sufficient business need to close the transaction. In re PSINET, Inc., 268 B.R. 358, 379 (Bankr. S.D. N.Y. 2001). APPCO contends that such a business reason exists in that, absent court approval within the time indicated, Strategic has indicated it will seek ethanol from an alternate supplier. Moreover, this is substantially a risk-free transaction for APPCO with no required cash outlay, its only cost being the $2,000 fee or commission due Energy Outsourcing, LLC.

12. APPCO also requests that, upon granting of this motion, the Court further authorizes the payment of a $2,000 fee or commission to Energy Outsourcing, LLC from the proceeds of the transactions contemplated by this motion.

**WHEREFORE,** the Debtor requests that the Court: (a) find the Ethanol Purchase Agreement to be in effect; (b) authorize the Debtor's assumption of the Ethanol Purchase Agreement and its assignment to Strategic Bio Energy, LLC; (c) waive the ten (10) day stay requirements of Bankruptcy Rule 6006(d); and (d) authorize the payment of a $2,000 fee or commission to Energy Outsourcing, LLC.

HUNTER, SMITH & DAVIS, LLP

By:   */s/Mark S. Dessauer*
Mark S. Dessauer, Esq.
TN BPR NO. 010421
Attorney for Debtor
Post Office Box 3740
Kingsport, Tennessee  37664
(423) 378-8840; Fax: (423) 378-8801

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 21, 2009 the **(1) Motion To Assume and Assign Executory Contract and For Authority to Pay Commission;; (2) Notice of Hearing; and (3) Proposed Order** were filed electronically.  All parties on the attached Service List will receive copies of this document.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties, if any, have been served by hand delivery, overnight delivery, facsimile transmission, or by mailing a copy of same by United States Mail, postage prepaid.

HUNTER, SMITH & DAVIS, LLP

*/s/ Mark S. Dessauer*
Mark S. Dessauer

DESSAUER: A-B
APPALACHIAN OIL
APPCO.85049

Re: APPALACHIAN OIL COMPANY, INC., Case No.: 2:09-bk-50259

## CREDITOR MATRIX

Appalachian Oil Company, Inc.
P.O. Box 1500
Blountville, TN 37617-1500

LP Shanks
P.O. Box 1068
Crossville, TN 38557

Western Union
125 Liverpool Drive
Madison, AL 35758

Patricia Foster, Esq.
Attorney for the U. S. Trustee
800 Market Street
Suite 114, Howard Baker U. S. Courthouse
Knoxville, Tennessee 37902

BP Products North America, Inc.
c/o James S. Carr, Esq. and Jason R. Adams, Esq.
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178

Management Properties
c/o Gregory C. Logue, Esq.
Woolf, McClane, Bright Allen & Carpenter, PLLC
900 Riverview Tower
900 S. Gay Street
Knoxville, TN 37902

Amoco/BP
P.O. Box 460849
Houston, TX 77056

Conoco-Phillips
Box 75201
Charlotte, NC 28275

B & B Distributors
P.O. Box 276
Staffordsville, KY 41256

Crescent Oil Company, Inc.
P.O. Box 6667
Independence, KS 67301

Y A Landholdings, LLC
101 Hudson Street, Suite 3700
Jersey City, NJ 07302

Pepsi-Cola Company
P.O. Box 75948
Chicago, IL 60675-5693

Citgo Petroleum Corp.
P.O. Box 3758
Tulsa, OK 74136

American Management Corp.
P.O. Box 2020
Conway, AZ 72033

Ryder Transportation Services
P.O. Box 96723
Chicago, IL 60693

Marathon Ashland Petroleum, LLC
539 S. Main St.
Findlay, Ohio 45840

Regal Petroleum Terminal
P.O. Box 52975
Knoxville, TN 37950

Pet Dairy
Box 60498
Charlotte, NC 28260-0498

Coca-Cola Bottling Co.
P.O. Box 751356
Charlotte, NC 28275-1356

Frito-Lay #2
P.O. Box 643103
Pittsburg, PA 15264-3103

Royal Cup Coffee, Inc.
P.O. Box 170971
Birmingham, AL 35217

Brown Food Service, Inc.
c/o Frederick L. Conrad, Jr., Esq.
P.O. Box 11202
Knoxville, Tennessee 37939

Greystone Credit II, LLC
c/o Glenn B. Rose, Esq.
Harwell Howard Hyne Gabbert & Manner, P.C.
315 Deaderick St., Suite 1800
Nashville, TN 37238

Greystone Credit II, LLC
Craig V. Gabbert, Jr., Esq.
Harwell Howard Hyne Gabbert & Manner, P.C.
315 Deaderick St., Suite 1800
Nashville, TN 37238

Valero Marketing & Supply Co.
P.O. Box 500
San Antonio, TX 78292-0500

Volunteer Oil Co., Inc.
P.O. Box 1099
Johnson City, TN 37605

Kenneth R. Shaw
c/o Edward T. Brading, Esq.
Herndon Coleman Brading & McKee
P.O. Box 1160
Johnson City, TN 37605-1160

Great Plains Coco-Cola Bottling Co.
c/o Kiran A. Phansalkar, Esq.
Conner & Winters, LLP
1700 One Leadership Square
211 N. Robinson Ave.
Oklahoma City, Oklahoma 73102

Great Plains Coco-Cola Bottling Co.
c/o Crystal A. Johnson, Esq.
Conner & Winters, LLP
1700 One Leadership Square
211 N. Robinson Ave.
Oklahoma City, Oklahoma 73102

Wells Fargo Financial Leasing, Inc.
800 Walnut Street
MAC F4031-050
Des Moines, IA 50309

Tate & Lyle Ingredients Americas Inc.
2200 East Eldorado Street
Decatur, Illinois 62525
Attention: Chris Ludwig and Marc W. Lawson
Via Fax: (217) 421-2216
Via E-mail:
Chris.Ludwig@tateandlyle.com
Marc.Lawson@tateandlyle.com