**Pursuant to Fed. R. Bankr. P. 6003, the court concludes that the granting of relief is necessary to avoid immediate and irreparable harm.**



**SO ORDERED.**

**SIGNED this 24 day of February, 2009.**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
**Marcia Phillips Parsons
UNITED STATES BANKRUPTCY JUDGE**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**

---

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| APPALACHIAN OIL COMPANY, INC. | * | CASE NO. 2:09-bk-50259 |
| | * | Chapter 11 |
| Debtor | * | |

## ORDER

Upon consideration of the Debtor's Motion to Assume and Assign Executory Contract and For Authority to Pay Commission, **IT IS HEREBY ORDERED**:

1.      That the Motion is granted subject to the provisions of this Order;

2.      That the July 8, 2008 agreement between the Debtor and Tate & Lyle Ingredients Americas, Inc. ("Tate & Lyle") for the purchase and sale of denatured ethanol for the months of January, February and March, 2009 (the "Ethanol Purchase Agreement") remains in effect and there having been no breach or failure to perform by either party thereunder;

3.      That the Debtor is authorized to assume the Ethanol Purchase Agreement;

411400-1

4.      That the Debtor is authorized to assign its rights under the Ethanol Purchase Agreement to Strategic Bio Energy, LLC;

5.      That the Debtor is authorized to enter into and consummate the transaction with Tate & Lyle and Strategic Bio Energy, LLC as contemplated by and described in the Motion;

6.      That the Debtor is authorized to pay Energy Outsourcing, LLC a commission of $2,000 for its role in the transaction contemplated by the Motion;

7.      That Greystone Credit II, LLC ("Greystone") asserts a lien in the Ethanol Purchase Agreement.  At this time, the Debtor does not agree that Greystone has a lien in the Ethanol Purchase Agreement.  To preserve the rights of the parties, any and all liens on the Ethanol Purchase Agreement existing as of the Petition Date shall attach to the proceeds of the assumption, assignment and sale of this agreement, net of the commission due, to the same extent and validity, and in the same order of priority, as any such liens existed against the Ethanol Purchase Agreement as of the Petition Date, and the proceeds received from the assumption, assignment and sale of the Ethanol Purchase Agreement shall be held by the Debtor in a segregated account until further order of this Court; and

8.      That the ten (10) day stay requirement of Fed. Bankr. R. 6006(d) is waived.

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY
AS INDICATED AT THE TOP OF THE FIRST PAGE


### ###


**APPROVED FOR ENTRY:**

**/s/Mark S. Dessauer**
Mark S. Dessauer, Esq. (TN BPR NO. 010421)
HUNTER, SMITH & DAVIS, LLP
Attorney for Debtor
Post Office Box 3740
Kingsport, Tennessee  37664
(423)  378-8840; Fax: (423) 378-8801

and

411400-1

HARWELL HOWARD HYNE
GABBERT & MANNER, P.C.

/s/  Glenn B. Rose
Craig V. Gabbert, Jr.
Glenn B. Rose
315 Deaderick Street, Suite 1800
Nashville, TN  37238
Telephone:  (615) 256-0500
Facsimile:  (615) 251-1059
Email:  gbr or cvg@h3gm.com

and

/s/  Patricia C. Foster
Patricia C. Foster
UNITED STATES TRUSTEE OFFICE
800 Market Street, Suite 114
Knoxville, TN  3702
Telephone:  (865) 545-4754
Facsimile:  (865) 545-4325
Email:  patricia.foster@usdoj.gov

Counsel for the U. S. Trustee

411400-1