**SO ORDERED.**

**SIGNED this 04 day of March, 2009.**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**



_____
Marcia Phillips Parsons
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
_____

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| APPALACHIAN OIL COMPANY, INC., | ) | Case No. 2:09-50259 |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

### INTERIM ORDER REGARDING FUEL SUPPLY AGREEMENTS

This matter came on for hearing at 2:00 p.m. on Friday, February 27, 2009 upon consideration of the Debtor's Motion for Interim and Final Orders Authorizing the Debtor to Obtain Post-Petition Financing Pursuant to 11 U.S.C. § 364, docket number 45 (the "Motion"), and based upon the evidence presented and the arguments of counsel, IT IS HEREBY ORDERED:

1. That the Motion is granted on an interim basis pursuant to the provisions of this Order pending a final hearing on the Motion scheduled for 9:00 a.m. on Friday, March 13, 2009;

2. That the Debtor is authorized to enter into and operate under the Motor Fuels Sale Agreement with PM Terminals, Inc. attached as Exhibit A to the Motion, except as limited by the provisions of this interim Order;

3.      That the Debtor is authorized to enter into and operate under the Petroleum Products Supply Agreement with Mountain Express Oil Co. attached as Exhibit B to the Motion, except as limited by the provisions of this interim Order;

4.      That PM Terminals, Inc. is hereby granted, effective immediately and without the necessity of the execution or filing by the Debtor of a security agreement, financing statements, trademark, copyright, tradename, or patent assignment filings with the United States Patent and Trademark Office or Copyright Office, mortgages, landlord lien waivers, license consents or otherwise, pursuant to Section 364 of the Bankruptcy Code, a first priority, post-petition security interest in and lien upon all of the product supplied pursuant to the agreement attached as Exhibit A to the Motion, and in the proceeds resulting from the sale thereof, to secure repayment of the amounts due under the agreement attached as Exhibit A to the Motion. The liens and priority granted to PM Terminals, Inc. in this Order shall be perfected by operation of law upon entry of this Order, and PM Terminals, Inc. shall not be required to enter into or to obtain mortgagee waivers, bailee waivers, or warehouseman waivers or to file or record financing statements, mortgages, deeds of trust, leasehold mortgages, notices of lien or similar instruments in any jurisdiction, including trademark, copyright, tradename or patent assignment filings with the United States Patent and Trademark Office, Copyright Office or any similar agency with respect to intellectual property, or obtain consents from any landlord, licensor or similar party-in-interest, or to take any other action in order to validate and to perfect the security interests and liens granted to PM Terminals, Inc. pursuant to this interim Order.

5.      That Mountain Express Oil Co. is hereby granted, effective immediately and without the necessity of the execution or filing by the Debtor of a security agreement, financing statements, trademark, copyright, tradename, or patent assignment filings with the United States

Patent and Trademark Office or Copyright Office, mortgages, landlord lien waivers, license consents or otherwise, pursuant to Section 364 of the Bankruptcy Code, a first priority, post-petition security interest in and lien upon all of the product supplied pursuant to the agreement attached as Exhibit B to the Motion, and in the proceeds resulting from the sale thereof, to secure repayment of the amounts due under the agreement attached as Exhibit B to the Motion. The liens and priority granted to Mountain Express Oil Co. in this Order shall be perfected by operation of law upon entry of this Order, and Mountain Express Oil Co. shall not be required to enter into or to obtain mortgagee waivers, bailee waivers, or warehouseman waivers or to file or record financing statements, mortgages, deeds of trust, leasehold mortgages, notices of lien or similar instruments in any jurisdiction, including trademark, copyright, tradename or patent assignment filings with the United States Patent and Trademark Office, Copyright Office or any similar agency with respect to intellectual property, or obtain consents from any landlord, licensor or similar party-in-interest, or to take any other action in order to validate and to perfect the security interests and liens granted to Mountain Express Oil Co. pursuant to this interim Order.

6.     That, in the event of a default in the agreement attached as Exhibit A to the Motion, which default is not cured within any applicable cure period set forth in that agreement, PM Terminals, Inc. is hereby authorized, without further order of this Court, to reclaim any product supplied to Debtor pursuant to that agreement for credit against the amounts due under the agreement. This right of reclamation shall be superior to the interests of any other creditor of the Debtor in the product supplied, including without limitation the rights of Greystone Credit II, LLC ("Greystone") set forth below.

7.     That, in the event of a default in the agreement attached as Exhibit B to the Motion, which default is not cured within any applicable cure period set forth in that agreement, Mountain Express Oil Co. is hereby authorized, without further order of this Court, to reclaim any product supplied to Debtor pursuant to this agreement for credit against the amounts due under the agreement.  This right of reclamation shall be superior to the interests of any other creditor of the Debtor in the product supplied, including without limitation the rights of Greystone set forth below.

8.     That, subject to the rights set forth in paragraphs 4, 5, 6 and 7 above, as and for adequate protection of the use of cash collateral, Greystone is hereby granted, effective immediately and without the necessity of the execution or filing by the Debtor of a security agreement, financing statements, trademark, copyright, tradename, or patent assignment filings with the United States Patent and Trademark Office or Copyright Office, mortgages, landlord lien waivers, license consents or otherwise, pursuant to Sections 361(2), 363(e) and 552 of the Bankruptcy Code, a replacement, post-petition security interest in and lien upon all of the product supplied pursuant to the agreements attached as Exhibits A and B to the Motion, and in the proceeds thereof, to the same extent, validity and priority as Greystone's pre-petition liens and security interests, to the extent that the Debtor's use of cash collateral results in any decrease, following the petition date, in the value of the collateral securing Greystone's claims, with such replacement liens having the same validity as Greystone's liens and security interests in prepetition collateral.  The replacement liens and priority granted to Greystone in this Order as adequate protection shall be perfected by operation of law upon entry of this Order, and Greystone shall not be required to enter into or to obtain mortgagee waivers, bailee waivers, or warehouseman waivers or to file or record financing statements, mortgages, deeds of trust,

leasehold mortgages, notices of lien or similar instruments in any jurisdiction, including

trademark, copyright, tradename or patent assignment filings with the United States Patent and

Trademark Office, Copyright Office or any similar agency with respect to intellectual property,

or obtain consents from any landlord, licensor or similar party-in-interest, or to take any other

action in order to validate and to perfect the replacement security interests and liens granted to

Greystone pursuant to this interim Order.

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY
AS INDICATED AT THE TOP OF THE FIRST PAGE

# # #

APPROVED FOR ENTRY:

/s/ Mark S. Dessauer
Mark S. Dessauer, Esq. (TN BPR No. 010421)
HUNTER, SMITH & DAVIS, LLP
Attorney for Debtor
Post Office Box 3740
Kingsport, TN 37664
Telephone: (423) 378-8840
Facsimile: (423) 378-8801
*Counsel for the Debtor*

and

HARWELL HOWARD HYNE
GABBERT & MANNER, P.C.

/s/ Glenn B. Rose
Craig V. Gabbert, Jr.
Glenn B. Rose
315 Deaderick Street, Suite 1800
Nashville, TN 37238
Telephone: (615) 256-0500
Facsimile: (615) 251-1059
Email: gbr or cvg@h3gm.com
*Counsel for Greystone Credit II*

and

/s/  Patricia C. Foster
_____
Patricia C. Foster
UNITED STATES TRUSTEE OFFICE
800 Market Street, Suite 114
Knoxville, TN  3702
Telephone:  (865) 545-4754
Facsimile:  (865) 545-4325
Email:  patricia.foster@usdoj.gov
*Counsel for the U. S. Trustee*