A final hearing will this motion will be held on April 8, 2009 at 9:00 a.m.



**SO ORDERED.**

**SIGNED this 13 day of March, 2009.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
Marcia Phillips Parsons
UNITED STATES BANKRUPTCY JUDGE

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| APPALACHIAN OIL COMPANY, INC. | * | CASE NO. 2:09-bk-50259 |
| | * | Chapter 11 |
| Debtor | * | |

## INTERIM ORDER

Upon consideration of the Debtor's Fifth Motion Authorizing the Debtor's Limited Use of Cash Collateral (the "Motion"), **IT IS HEREBY ORDERED:**

1. That the Motion is **granted** on an interim basis pursuant to the provisions of this Order pending a final hearing on the Motion to be scheduled for _____, 2009, Bankruptcy Courtroom, James H. Quillen United States Courthouse, Greeneville, Tennessee;

2. That the Debtor is authorized to pay the sum of $71,951.00 to the Debtor's hourly and salaried employees described in Paragraph 4 of the Motion for the pay periods set forth in Paragraph 4 of the Motion;

3. That the Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order;

4. That, notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(g), 7062 and 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its signing and filing; and

5. That, as and for adequate protection of the use of cash collateral authorized by the Motion, Greystone is hereby granted (effective immediately and without the necessity of the execution or filing by the Debtor of a security agreement, financing statements, trademark, copyright, tradename, or patent assignment filings with the United States Patent and Trademark Office or Copyright Office, mortgages, landlord lien waivers, license consents or otherwise), pursuant to Sections 361(2), 363(e) and 552 of the Bankruptcy Code, a replacement, post-petition security interest in and lien upon all of the Debtor's assets of the same type in which Greystone holds a prepetition lien or security interest to the same extent, validity and priority as Greystone's pre-petition liens and security interests, to the extent that the Debtor's use of cash collateral results in any decrease, following the petition date, in the value of the collateral securing Greystone's claims, with such replacement liens having the same validity as Greystone's liens and security interests in prepetition collateral. The replacement liens and priority granted to Greystone in this Order as adequate protection shall be perfected by operation of law upon entry of this Order, and Greystone shall not be required to enter into or to obtain mortgagee waivers, bailee waivers, or warehouseman waivers or to file or record

financing statements, mortgages, deeds of trust, leasehold mortgages, notices of lien or similar instruments in any jurisdiction (including trademark, copyright, tradename or patent assignment filings with the United States Patent and Trademark Office, Copyright Office or any similar agency with respect to intellectual property), or obtain consents from any landlord, licensor or similar party-in-interest, or to take any other action in order to validate and to perfect the replacement security interests and liens granted to Greystone pursuant to this interim Order authorizing the use of cash collateral.

### ###

**APPROVED FOR ENTRY:**

**HUNTER, SMITH & DAVIS, LLP**
*s/Mark S. Dessauer*
Mark S. Dessauer, Esq. (TN BPR NO. 010421)
Attorney for Debtor
Post Office Box 3740
Kingsport, Tennessee  37664
(423)  378-8840; Fax: (423) 378-8801