**SO ORDERED.**

**SIGNED this 02 day of April, 2009.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.



/s/ Marcia P. Parsons
**Marcia Phillips Parsons**
**UNITED STATES BANKRUPTCY JUDGE**

___

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| APPALACHIAN OIL COMPANY, INC. | * | CASE NO. 2:09-bk-50259 |
| | * | Chapter 11 |
| Debtor | * | |

# FINAL ORDER

Upon the Debtor's motion for interim and final orders: (a) authorizing the Debtor's limited use of cash collateral pursuant to 11 U.S.C. § 363; (b) authorizing the Debtor to pay certain pre-petition wages, salaries and other compensation; (c) authorizing the Debtor to make deductions and withholdings from employee paychecks; (d) authorizing the Debtor to utilize its current payroll account to make such payments; and (e) authorizing and directing the bank on which such checks are drawn to pay all such checks made by the Debtor relative to such payments (the "Motion") [Document No. 13]; and it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors and other parties-in-interest; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of the

Motion and the opportunity for hearing on the Motion was appropriate under the particular circumstances and no other or further notice need be given, **IT IS HEREBY ORDERED:**

1. That the Motion is **granted** subject to the provisions of this Order, except that the Court makes no finding with respect to the appropriateness or the authority of the Debtor to pay pre-petition wages and salaries to certain employees of the Debtor's parent company, Titan Global Holdings, Inc. (the "Titan Compensation") and all issues relative to the appropriateness of the Titan Compensation are reserved;

2. That the objections of Greystone Credit II, LLC ("Greystone") to the Motion are overruled, except as set forth herein;

3. That the Debtor is authorized to pay the Employee Compensation (as defined in the Motion), but this provision shall not affect or hamper in any way the ability of any creditor or party-in-interest to take any action to recover the Titan Compensation that was paid prior to the Final Hearing on this Motion;

4. That the Debtor is authorized to make Deductions (as defined in the Motion) from the employee paychecks and the required withholdings for the payment of Payroll Taxes (as defined in the Motion);

5. That the Debtor is authorized to utilize individual checks drawn on the Payroll Account (as defined in the Motion) to pay the Employee Compensation;

6. That, notwithstanding any other provisions in this Order, and consistent with Section 507(a)(4) of the Bankruptcy Code, the Debtor shall not pay any individual employee more than $10,950 for Employee Compensation during the interim period prior to the entry of a final order;

7. That Branch Banking and Trust Company, the bank on which the payroll checks are drawn in payment of the Employee Compensation, is authorized and directed to receive, honor and pay all such checks provided there are sufficient funds in the Payroll Account to cover such checks;

8. That the Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order;

9. That, notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(g), 7062 and 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its signing and filing;

10. That, as and for adequate protection of the use of cash collateral, Greystone is hereby granted (effective immediately and without the necessity of the execution or filing by the Debtor of a security agreement, financing statements, trademark, copyright, tradename, or patent assignment filings with the United States Patent and Trademark Office or Copyright Office, mortgages, landlord lien waivers, license consents or otherwise), pursuant to Sections 361(2), 363(e) and 552 of the Bankruptcy Code, a replacement, post-petition security interest in and lien upon all of the Debtor's assets of the same type in which Greystone holds a prepetition lien or security interest to the same extent, validity and priority as Greystone's pre-petition liens and security interests, to the extent that the Debtor's use of cash collateral results in any decrease, following the petition date, in the value of the collateral securing Greystone's claims, with such replacement liens having the same validity as Greystone's liens and security interests in prepetition collateral. The replacement liens and priority granted to Greystone in this Order as adequate protection shall be perfected by operation of law upon entry of this Order, and Greystone shall not be required to enter into or to obtain mortgagee waivers, bailee waivers, or

warehouseman waivers or to file or record financing statements, mortgages, deeds of trust, leasehold mortgages, notices of lien or similar instruments in any jurisdiction (including trademark, copyright, tradename or patent assignment filings with the United States Patent and Trademark Office, Copyright Office or any similar agency with respect to intellectual property), or obtain consents from any landlord, licensor or similar party-in-interest, or to take any other action in order to validate and to perfect the replacement security interests and liens granted to Greystone pursuant to this interim Order authorizing the use of cash collateral.

###

**APPROVED FOR ENTRY:**

*s/Mark S. Dessauer*
Mark S. Dessauer, Esq. (BPR NO. 010421)
HUNTER, SMITH & DAVIS, LLP
Post Office Box 3740
Kingsport, Tennessee  37664
(423)  378-8840; Fax: (423) 378-8801
dessauer@hsdlaw.com
Attorney for Debtor

*/s/  Patricia C. Foster*
Patricia C. Foster, Esq.  (BPR NO. 012970)
UNITED STATES TRUSTEE OFFICE
800 Market Street, Suite 114
Knoxville, Tennessee  3702
(865) 545-4754; Fax: (865) 545-4325
patricia.foster@usdoj.gov
Counsel for the U. S. Trustee

*/s/ Glenn B. Rose*
Glenn B. Rose  (BPR NO. 010598)
HARWELL HOWARD HYNE GABBERT & MANNER, PC
315 Deaderick Street, Suite 1800
Nashville, Tennessee 37238
(615) 256-0500; Fax: (615) 251-1059
gbr@h3gm.com
Counsel for Greystone Credit II, LLC.

**DESSAUER: A-B: APPALACHIAN OIL**
**APPCO.85049**