**SO ORDERED.**

**SIGNED this 02 day of April, 2009.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.



_____
**Marcia Phillips Parsons**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| **APPALACHIAN OIL COMPANY, INC.** | * | CASE NO. 2:09-bk-50259 |
| | * | Chapter 11 |
| Debtor | * | |

# FINAL ORDER

Upon the Debtor's third motion for interim and final orders authorizing the Debtor's limited use of cash collateral (the "Motion") [Document No. 44]; and it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors and other parties-in-interest; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of the Motion and the opportunity for hearing on the Motion was appropriate under the particular circumstances and no other or further notice need be given, **IT IS HEREBY ORDERED:**

1. That the Motion is **granted** in part and **denied** in part;

2. That the Debtor is authorized to pay the compensation to the Debtor's hourly employees and management employees identified in the spreadsheet provided to counsel for Greystone Credit II, Inc. ("Greystone") on February 25, 2009, in the amounts set forth on the spreadsheet and described in Paragraph 4 of the Motion for the pay periods set forth in Paragraph 4 of the Motion;

3. That the Debtor is not authorized to use $45,504.55 of cash collateral to pay the salaries of the Titan employees described in Paragraph 6 of the Motion and such request by the Debtor, by virtue of statement of its counsel in open court, is withdrawn;

4. That the Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order;

5. That, notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(g), 7062 and 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its signing and filing; and

6. That, as and for adequate protection of the use of cash collateral authorized by the Motion, Greystone is hereby granted (effective immediately and without the necessity of the execution or filing by the Debtor of a security agreement, financing statements, trademark, copyright, tradename, or patent assignment filings with the United States Patent and Trademark Office or Copyright Office, mortgages, landlord lien waivers, license consents or otherwise), pursuant to Sections 361(2), 363(e) and 552 of the Bankruptcy Code, a replacement, post-petition security interest in and lien upon all of the Debtor's assets of the same type in which Greystone holds a prepetition lien or security interest to the same extent, validity and priority as Greystone's pre-petition liens and security interests, to the extent that the Debtor's use of cash collateral results in any decrease, following the petition date, in the value of the collateral securing Greystone's claims, with such replacement liens having the same validity as

Greystone's liens and security interests in prepetition collateral. The replacement liens and priority granted to Greystone in this Order as adequate protection shall be perfected by operation of law upon entry of this Order, and Greystone shall not be required to enter into or to obtain mortgagee waivers, bailee waivers, or warehouseman waivers or to file or record financing statements, mortgages, deeds of trust, leasehold mortgages, notices of lien or similar instruments in any jurisdiction (including trademark, copyright, tradename or patent assignment filings with the United States Patent and Trademark Office, Copyright Office or any similar agency with respect to intellectual property), or obtain consents from any landlord, licensor or similar party-in-interest, or to take any other action in order to validate and to perfect the replacement security interests and liens granted to Greystone pursuant to this interim Order authorizing the use of cash collateral.

### ###

**APPROVED FOR ENTRY:**
*s/Mark S. Dessauer*
Mark S. Dessauer, Esq. (BPR NO. 010421)
HUNTER, SMITH & DAVIS, LLP
Post Office Box 3740
Kingsport, Tennessee 37664
(423) 378-8840; Fax: (423) 378-8801
dessauer@hsdlaw.com
Attorney for Debtor

*/s/ Patricia C. Foster*
Patricia C. Foster, Esq. (BPR NO. 012970)
UNITED STATES TRUSTEE OFFICE
800 Market Street, Suite 114
Knoxville, Tennessee 3702
(865) 545-4754; Fax: (865) 545-4325
patricia.foster@usdoj.gov
Counsel for the U. S. Trustee

*/s/ Glenn B. Rose*
Glenn B. Rose (BPR NO. 010598)
HARWELL HOWARD HYNE GABBERT & MANNER, PC
315 Deaderick Street, Suite 1800
Nashville, Tennessee 37238
(615) 256-0500; Fax: (615) 251-1059
gbr@h3gm.com
Counsel for Greystone Credit II, LLC.

**DESSAUER: A-B: APPALACHIAN OIL**
**APPCO.85049**