UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | * |
| | * |
| APPALACHIAN OIL COMPANY, INC. | *   CASE NO. 2:09-bk-50259 |
| | *   Chapter 11 |
| Debtor | * |

# RESPONSE IN OPPOSITION TO MOTION AND APPLICATION OF KENNETH R. SHAW FOR RELIEF FROM AUTOMATIC STAY, TO REQUIRE PROPERTY TO BE ABANDONED, AND FOR PAYMENT OF LEASE OBLIGATIONS

The Debtor, Appalachian Oil Company, Inc. (the "Debtor" or "APPCO"), submits the following response in opposition to motion and application of Kenneth R. Shaw for relief from automatic stay, to require property to be abandoned, and for payment of lease obligations (the "Motion").

## FACTUAL BACKGROUND

APPCO, as Lessee, and Kenneth R. Shaw ("Shaw"), as Lessor, are parties to a lease agreement dated May 1, 2004 for the lease of certain property located in the 22nd Civil District of Greene County, Tennessee (the "Lease"). APPCO operates a convenience store at the leased location.

The Lease calls for rental payments in the amount of $3,000 per month due on the 1st day of each calendar month commencing on May 1, 2004. (*See* Section 1.03 of Lease). The Lease also contains a fifteen (15) day grace period from the date of notice from Shaw to cure any non-performance under the Lease including the non-payment of rent. (*See* Section 8.01(a) of Lease).

Shaw asserts in the Motion that he has not received payment for the February 2009 or March 2009 rent, but the rent for January 2009 was paid. He also claims that the Debtor has not paid for insurance or other sums owing under the Lease, but provides no specifics or evidence regarding the lack of payment of insurance.

APPCO filed its voluntary Chapter 11 petition on February 9, 2009.

Shaw seeks termination of the automatic stay presumably to exercise State court remedies with respect to the Lease, but the specific relief sought is not set out in the motion. Shaw also seeks abandonment of the Lease. For the reasons set forth herein, APPCO contends that the motion is not well founded and should be overruled.

## GENERAL RESPONSE TO MOTION

1. **Under the terms of the Lease, the Debtor will be in compliance with its obligations under 11 U.S.C. § 365(d)(3) by payment of rent for March on or before the April 7, 2009 hearing date.**

In the Motion, Shaw contends that APPCO must pay both the rent for February 2009 and March 2009 in order to meet its obligations under 11 U.S.C. § 365(d)(3). APPCO contends, however, that such obligation is met solely by payment of the March 2009 rent of $3,000.00.[1]

Section 365(d)(3) states in pertinent part:

---

[1] As set forth herein, APPCO intends to pay both the March and April 2009 rent totaling $6,000.00 on or before the April 7 hearing date.

2

> The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of non-residential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

11 U.S.C. § 365(d)(3). In support of this position that only the March rent under the Lease is presently due, APPCO relies on In re Koenig Sporting Goods, Inc., 203 F.3d 986 (6th Cir. 2000), and In re Baby N' Kids Bedrooms, Inc., 2007 WL 1218768 (E.D. Mich. 2007).

In Koenig Sporting Goods, the debtor conducted a post-petition liquidation at one of its retail locations as part of its Chapter 11 case. Following the conclusion of the sale, the debtor rejected the lease for the location. The lease required that the rent be paid on the first of the month; however, the debtor's rejection of the lease was effective on the second day of the month. The creditor asserted that it was entitled to the rental payment for the entire month while the debtor contended that it was only required to pay a pro-rated amount for the two (2) days it remained obligated on the lease prior to rejection. The Sixth Circuit concluded that timely performance of the debtor's obligation under the lease required payment of the full month's rent, thereby rejecting adoption of a method of pro-ration recognized by certain other courts. 203 F.3d at 989. The Sixth Circuit stated as follows:

> The specific obligation to pay rent for December 1997 arose on December 1, which was during the post-petition pre-rejection period. Under these circumstances, § 365(d)(3) is unambiguous as to the debtor's rent obligations and requires payment of the full month's rent.

Id. at 988.

Baby N' Kids Bedrooms, Inc., supra, provides support for APPCO's position that the February rent under the Lease is not due under § 365(d)(3), but represents a pre-petition obligation and must only be paid if APPCO elects to assume the Lease. On June 8, 2006, the

3

debtor in Baby N' Kids Bedrooms, Inc. filed a Chapter 7 petition and, at the time, had not paid rent for June 2006, which was due on June 1, 2006 under its lease. The debtor filed a motion to reject the lease which was granted by the court. The landlord then filed an administrative expense claim for the June and July 2006 rent. The debtor argued that the landlord was only entitled to an administrative expense claim for the July 2006 rent, the June 2006 rent being a pre-petition obligation as it was incurred on June 1, 2006. The bankruptcy court accepted the trustee's argument stating:

> The Koenig case, of course, is binding on this Court, and it and its progeny fully support the trustee's position here. The practical reality of the movant's case is that it reinstates the apportionment theory rejected in Koenig . . .

2007 WL 1218768 at *2.

The district court affirmed the bankruptcy court and held as follows:

> This Court agrees with the Debtor. Although, Landlord is correct in arguing that Koenig dealt with § 356(d)(3), as opposed to § 503(b), this Court believes that the reasoning applied in Koenig governs the outcome in this particular case. Like the lease in Koenig, the lease entered into between Landlord and Debtor provided that the rent was due 'on the first day of each month' for that month's rent . . . Consequently, in this case, Debtor's obligation to pay rent for June 2006 arose on June 1, 2006. Koenig, 203 F.3d at 989. Therefore, because the obligation to pay rent for June 2006 arose pre-petition, Landlord's claim is not entitled to priority as an administrative expense under § 503(b)(1) . . .

Id. at *4. Similarly, here, APPCO's rent under the Lease to pay rent for February 2009 arose on February 1, 2009. APPCO filed its voluntary Chapter 11 petition on February 9, 2009. Under Koenig, which APPCO contends is binding on this Court, APPCO's February 2009 rent under the Lease is not an obligation that APPCO must meet to comply with § 365(d)(3). APPCO's

4

obligation to pay the February 2009 rent arose on February 1, 2009 and represents a pre-petition obligation to Shaw. Shaw's position to the contrary should be rejected.

With respect to rent for April 2009, the Lease provides it is due on April 1. However, Section 8.01(a) provides that:

> [t]he occurrence of any of the following acts or events, shall constitute events of default under this Lease . . .
>
> (a) Lessee fails to fulfill or perform any of Lessee's covenants, agreements or obligations under this Lease and such failure continues for a period of fifteen (15) days after Lessor shall have given written notice thereof . . .

Based on the foregoing lease provision of the Lease, APPCO contends that the April 2009 rent, although not specifically addressed by the Motion, is not due until April 15, 2009. Nevertheless, APPCO anticipates paying or having paid the March and April 2009 rent by the April 7, 2009 hearing date on the Motion.

2. **There is no basis to grant Shaw relief from the automatic stay.**

In Paragraph 6 of the Motion, Shaw contends that "[f]or the reason above, relief from the automatic stay of 362(a) should be granted for cause" and cites In re Conston Corp., Inc., 130 B.R. 449, 453 (Bankr. E.D. Pa. 1991). However, Conston Corp., supra, addressed the computation of damages on lease rejection by Chapter 11 debtor not the issue of what constitutes cause for relief from stay regarding a commercial lease. It, therefore, has no application on the issues raised by the Motion.

In In re The 1/2 Off Card Shop, Inc., 2001 WL 1822419 (Bankr. E.D. Mich. 2001), the debtor filed a bankruptcy petition on June 2, 2000 but failed to pay the June rent under its lease

5

which was due on June 1, although rents for subsequent post-petition months were paid. The landlord filed, among other things, a motion for relief from the stay on the basis of the debtor's failure to pay the June rent contending that the debtor failed to comply with § 363(d)(3). At the time of the court's consideration of the motion, the debtor had rejected the leases at issue.

The Bankruptcy Court for the Eastern District of Michigan, after discussing Koenig, held as follows:

> In conclusion, the Court finds that Debtor's obligation to pay rent for June 2000 arose on June 1, 2000 and Debtor was in default of this obligation when it filed for relief on June 2, 2000. However, the unambiguous language of § 365(d)(3) does not encompass an administrative claim as a result of this pre-petition default. Given the consequent status of the claim as pre-petition claims, there necessarily does not exist sufficient cause to permit lifting of the stay to enable the landlords to pursue those claims in another forum.

2001 WL 1822419 at *3. Similarly, here, the failure of APPCO to pay the February rent under the Lease does not give rise to a basis to lift the stay for Shaw to pursue his state court remedies to obtain possession of the leased premises. Additionally, APPCO contends that its compliance with § 365(d)(3) in the post-petition/pre-assumption/rejection period constitutes sufficient adequate protection such that any relief from or modification of the stay is not warranted.

## SPECIFIC RESPONSES TO ALLEGATIONS OF MOTION

APPCO, in specific response to the enumerated paragraphs of the Motion, states as follows.

1. Answering Paragraph 1, the allegations contained therein are admitted.

2.      Answering Paragraph 2, the allegations contained therein are admitted.

3.      Answering Paragraph 3, the allegations contained therein are admitted.

4.      Answering Paragraph 4, APPCO admits that it has not paid the rent for February, March or April 2009, but avers that it intends to pay the rent for March and April 2009 prior to the hearing date on April 7, 2009. The Debtor denies that it has failed to pay for insurance or other sums due under the Lease.

5.      Answering Paragraph 5, the Debtor generally admits the allegations contained therein relating to Section 365(d)(3) of the <u>Bankruptcy Code</u>. The Debtor denies that § 365(d)(3) as interpreted in the Sixth Circuit as requiring payment of the February rent under the Lease. The remaining allegations contained in Paragraph 5 are denied.

6.      Answering Paragraph 6, the allegations contained therein are denied.

7.      Answering Paragraph 7, the allegations contained therein are denied.

8.      Answering Paragraph 8, the Debtor does not necessarily dispute the accuracy of the principal of law contained therein but avers that such principal of law is not applicable here.

## CONCLUSION

For the reasons stated herein, the Motion should be denied.

HUNTER, SMITH & DAVIS, LLP
By: /s/Mark S. Dessauer
Mark S. Dessauer, Esq.
TN BPR NO. 010421
Attorney for Debtor
Post Office Box 3740
Kingsport, Tennessee 37664
(423) 378-8840; Fax: (423) 378-8801

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 2, 2009 the **Response In Opposition to Motion and Application of Kenneth R. Shaw for Relief From Automatic Stay, To Require Property to be Abandoned, and For Payment of Lease Obligations** was filed electronically. The following parties will receive copies of this document. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties, if any, have been served by hand delivery, overnight delivery, facsimile transmission, or by mailing a copy of same by United States Mail, postage prepaid.

Kenneth R. Shaw
c/o Edward T. Brading, Esq.
Herndon Coleman Brading & McKee
P.O. Box 1160
Johnson City, TN 37605-1160

Patricia Foster, Esq., Attorney for the U. S. Trustee
800 Market Street
Suite 114, Howard Baker U. S. Courthouse
Knoxville, Tennessee 37902

John F. Teitenberg, Esq.
Frost Brown Todd, LLC
424 Church Street, Suite 1600
Nashville, Tennessee 37219-2308
Counsel for Committee of Unsecured Creditors

Douglas L. Lutz, Esq.
Frost Brown Todd, LLC
2200 PNC Center, 201 East Fifth Street
Cincinnati, Ohio 45202
Counsel for Committee of Unsecured Creditors

Brent C. Strickland, Esq.
Stephen B. Gerald, Esq.
Whiteford, Taylor & Preston, LLP
Seven Saint Paul Street
Baltimore, Maryland 21202
Counsel for Committee of Unsecured Creditors

HUNTER, SMITH & DAVIS, LLP

/s/ Mark S. Dessauer
Mark S. Dessauer

DESSAUER: A-B: APPALACHIAN OIL
APPCO.85049