UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | * |
| | * |
| APPALACHIAN OIL COMPANY, INC. | * CASE NO. 2:09-bk-50259 |
| | * Chapter 11 |
| Debtor | * |

# FINAL ORDER
# REGARDING FUEL SUPPLY AGREEMENTS

Upon motion of the Debtor for interim and final orders authorizing the Debtor to obtain post-petition financing pursuant to 11 U.S.C. § 364 and for expedited hearing (the "Motion") [Document No. 45]; and it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors and other parties-in-interest; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of the Motion and the opportunity for hearing on the Motion was appropriate under the particular circumstances and no other or further notice need be given, **IT IS HEREBY ORDERED**:

1. That the Motion is **granted** subject to provisions of this Order;

2. That the Debtor is authorized to enter into and operate under the Motor Fuels Sale Agreement with PM Terminals, Inc. attached as Exhibit A to the Motion, except as limited by the provisions of this Order;

3. That the Debtor is authorized to enter into and operate under the Petroleum Products Supply Agreement with Mountain Express Oil Co. attached as Exhibit B to the Motion, except as limited by this Order;

4. That the Debtor is authorized to purchase fuel from fuel suppliers other than PM Terminals, Inc. and Mountain Express Oil Co. on the same or better terms as those set forth in Exhibit A and B to the Motion;

5. That PM Terminals, Inc. is hereby granted, effective immediately and without the necessity of the execution or filing by the Debtor of a security agreement, financing statements, trademark, copyright, tradename, or patent assignment filings with the United States Patent and Trademark Office or Copyright Office, mortgages, landlord lien waivers, license consents or otherwise, pursuant to Section 364 of the Bankruptcy Code, a first priority, post-petition security interest in and lien upon all of the product supplied pursuant to the agreement attached as Exhibit A to the Motion, and in the proceeds resulting from the sale thereof, to secure repayment of the amounts due under the agreement attached as Exhibit A to the Motion. The liens and priority granted to PM Terminals, Inc. in this Order shall be perfected by operation of law upon entry of this Order, and PM Terminals, Inc. shall not be required to enter into or to obtain mortgagee waivers, bailee waivers, or warehouseman waivers or to file or record financing statements, mortgages, deeds of trust, leasehold mortgages, notices of lien or similar instruments in any jurisdiction, including trademark, copyright, tradename or patent assignment filings with the United States Patent and Trademark Office, Copyright Office or any similar

agency with respect to intellectual property, or obtain consents from any landlord, licensor or similar party-in-interest, or to take any other action in order to validate and to perfect the security interests and liens granted to PM Terminals, Inc., pursuant to this Order;

6. That Mountain Express Oil Co. is hereby granted, effective immediately and without the necessity of the execution or filing by the Debtor of a security agreement, financing statements, trademark, copyright, tradename, or patent assignment filings with the United States Patent and Trademark Office or Copyright Office, mortgages, landlord lien waivers, license consents or otherwise, pursuant to Section 364 of the Bankruptcy Code, a first priority, post-petition security interest in and lien upon all of the product supplied pursuant to the agreement attached as Exhibit B to the Motion, and in the proceeds resulting from the sale thereof, to secure repayment of the amounts due under the agreement attached as Exhibit B to the Motion. The liens and priority granted to Mountain Express Oil Co. in this Order shall be perfected by operation of law upon entry of this Order, and Mountain Express Oil Co. shall not be required to enter into or to obtain mortgagee waivers, bailee waivers, or warehouseman waivers or to file or record financing statements, mortgages, deeds of trust, leasehold mortgages, notices of lien or similar instruments in any jurisdiction, including trademark, copyright, tradename or patent assignment filings with the United States Patent and Trademark Office, Copyright Office or any similar agency with respect to intellectual property, or obtain consents from any landlord, licensor or similar party-in-interest, or to take any other action in order to validate and to perfect the security interests and liens granted to Mountain Express Oil Co. pursuant to this Order;

7. That, in the event of a default in the agreement attached as Exhibit A to the Motion, which default is not cured within any applicable cure period set forth in that agreement, PM Terminals, Inc. is hereby authorized, without further order of this Court, to reclaim any product supplied to Debtor pursuant to that agreement for credit against the amounts due under

the agreement. This right of reclamation shall be superior to the interests of any other creditor of the Debtor in the product supplied including, without limitation, the rights of Greystone Credit II, LLC ("Greystone") set forth below;

8. That, in the event of a default in the agreement attached as Exhibit B to the Motion, which default is not cured within any applicable cure period set forth in that agreement, Mountain Express Oil Co. is hereby authorized, without further order of this Court, to reclaim any product supplied to Debtor pursuant to this agreement for credit against the amounts due under the agreement. This right of reclamation shall be superior to the interests of any other creditor of the Debtor in the product supplied including, without limitation, the rights of Greystone set forth below; and

9. That, subject to the rights set forth in Paragraphs 4, 5, 6 and 7 above, as and for adequate protection of the use of cash collateral, Greystone is hereby granted, effective immediately and without the necessity of the execution or filing by the Debtor of a security agreement, financing statements, trademark, copyright, tradename, or patent assignment filings with the United States Patent and Trademark Office or Copyright Office, mortgages, landlord lien waivers, license consents or otherwise, pursuant to Sections 361(2), 363(e) and 552 of the Bankruptcy Code, a replacement, post-petition security interest in and lien upon all of the product supplied pursuant to the agreements attached as Exhibits A and B to the Motion, and in the proceeds thereof, to the same extent, validity and priority as Greystone's pre-petition liens and security interests, to the extent that the Debtor's use of cash collateral results in any decrease, following the petition date, in the value of the collateral securing Greystone's claims, with such replacement liens having the same validity as Greystone's liens and security interests in pre-petition collateral. The replacement liens and priority granted to Greystone in this Order as adequate protection shall be perfected by operation of law upon entry of this Order, and Greystone shall not be required to enter into or to obtain mortgagee waivers, bailee waivers, or

warehouseman waivers or to file or record financing statements, mortgages, deeds of trust, leasehold mortgages, notices of lien or similar instruments in any jurisdiction, including trademark, copyright, tradename or patent assignment filings with the United States Patent and Trademark Office, Copyright Office or any similar agency with respect to intellectual property, or obtain consents from any landlord, licensor or similar party-in-interest, or take any other action in order to validate and to perfect the replacement security interests and liens granted to Greystone pursuant to this Order.

###

**APPROVED FOR ENTRY:**
*s/Mark S. Dessauer*
Mark S. Dessauer, Esq. (BPR NO. 010421)
HUNTER, SMITH & DAVIS, LLP
Post Office Box 3740
Kingsport, Tennessee 37664
(423) 378-8840; Fax: (423) 378-8801
dessauer@hsdlaw.com
Attorney for Debtor

*/s/ Patricia C. Foster*
Patricia C. Foster, Esq. (BPR NO. 012970)
UNITED STATES TRUSTEE OFFICE
800 Market Street, Suite 114
Knoxville, Tennessee 3702
(865) 545-4754; Fax: (865) 545-4325
patricia.foster@usdoj.gov
Counsel for the U. S. Trustee

*/s/ Glenn B. Rose*
Glenn B. Rose (BPR NO. 010598)
HARWELL HOWARD HYNE GABBERT & MANNER, PC
315 Deaderick Street, Suite 1800
Nashville, Tennessee 37238
(615) 256-0500; Fax: (615) 251-1059
gbr@h3gm.com
Counsel for Greystone Credit II, LLC.

DESSAUER: A-B: APPALACHIAN OIL
APPCO.85049