# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| In re: | ) |
| | ) |
| **APPALACHIAN OIL COMPANY, INC.** | ) No. 2:09-bk-50259 |
| | ) |
| **Debtor.** | ) |

## RESPONSE TO MOTION FOR ADDITIONAL TIME
## TO MEET DEBTOR'S OBLIGATIONS UNDER 11 U.S.C. §365(d)(3)

Comes MacLean, Inc. ("MacLean"), Management Properties, Inc. ("Management Properties") and Michael Cummins, Kevin Cummins, Anthony Cummins, and John Cummins, successors in interest to the Jack W. Cummins, Sr. Irrevocable Trust, Sara G. MacLean, and the Linda R. MacLean Irrevocable Trust (collectively, "Cummins Trust") and submits their response to Debtor's Motion for Additional Time to Meet Debtor's Obligations Under 11 U.S.C. §365(d)(3). MacLean, Management Properties and Cummins Trust are hereinafter collectively referred to as "Respondents." In response to Debtor's Motion, Respondents would show as follows:

1. Debtor entered into a lease agreement with Management Properties on August 1, 2006 and several addendums to such lease executed at a later date (collectively, the "Management Properties Lease"). Debtor entered into a lease agreement with MacLean on August 1, 2006 (the "MacLean Lease"). Debtor entered into a lease agreement with Cummins Trust on August 1, 2006 (the "Cummins Trust Lease"). The Management Properties Lease, the MacLean Lease and the Cummins Trust Lease shall be collectively referred to hereinafter as the "Respondents' Leases." (Copies of the Respondents' Leases are attached to their respective Motions for Relief from the Automatic Stay or, in the Alternative, for Adequate Protection – Cummins Trust, Doc. No. 129; MacLean, Doc. No. 133; Management Properties, Doc. No. 135)

2. Debtor's identification of the Respondents' Leases, as set forth on Exhibit 1 of its Motion, is inadequate. For example, the MacLean Lease identifies real property known as "Bloomingdale" in Kingsport, Tennessee and "Blountville Bulk Plant" in Blountville, Tennessee, neither

of which are identified as locations leased by Debtor pursuant to the MacLean Lease in the Debtor's Motion. Debtor has excluded a number of other rental obligations from its description in Exhibit 1 attached to its Motion. Respondents have leased a number of properties to Debtor pursuant to a single lease between each Respondent and Debtor. As a result, each of the Respondents' Leases should be considered by the Court as a single integrated lease rather than as multiple locations, which Debtor has failed to fully identify. Respondents do not consider Debtor's inaccurate description of Respondents' Leases problematic, so long as Debtor intends to pay the amounts owed thereunder as follows: $162,854 due monthly under the Management Properties Lease; $24,135 due monthly under the MacLean lease; and $8,000 due monthly under the Cummins Trust Lease.

3. Debtor posits that the Court is bound by In re Koenig Sporting Goods, Inc., 203 F.3d 986 (6th Cir. 2000), to hold that rent under the Respondent's Leases for the period of February 9, 2009 through February 28, 2009 is a pre-petition obligation and, as a result, is not entitled to be paid under 11 U.S.C. §365(d)(3). However, Debtor's reliance on Koenig is misplaced. In Koenig, the Sixth Circuit addressed a situation where a lease payment came due during the postpetition, prerejection time period. Id. at 987-88. The Sixth Circuit took care to limit its holding in interpreting 11 U.S.C. §365(d)(3) "under these circumstances." Id. at 989.

4. The Koenig case was further analyzed in In re Travel 2000, Inc., 264 B.R. 444 (Bankr. W.D. Mich. 2001), which presents a situation analogous to the present case before the Court. The debtor in Travel 2000 filed its petition under Chapter 11 on February 2. Id. at 445. Lease payments were due on February 1. Id. at 446. The leases at issue were rejected on February 28. Id. The debtor paid no post-petition rent for the month of February, claiming that it was not required to do so under the 11 U.S.C. §365(d)(3) and the authority of Koenig. Id. The Travel 2000 court found "that Koenig narrowly addressed the application of 11 U.S.C. §365(d)(3) to the specific facts presented in that case, those being that the lease payment came due during the postpetition, prerejection time period." Id. at 448. The February lease payment in the case at bar came due prepetition on February 1, 2009. The issue is whether February 9-28 rent must be paid promptly pursuant to 11 U.S.C. § 365(d)(3).

2

5. In declining to follow the logic of the unreported case In re The 1/2 Off Card Shop, Inc., No. 00-48425-WS, 2001 WL 1822419 (Bankr. E.D. Mich. March 7, 2001), which Debtor cites for support, the Travel 2000 court noted that "even though the landlords' *claims* arose prepetition, the *obligations* of both the landlords and the Debtor arose post-petition. Consequently, we find that the rent due falls under the purview of §365(d)(3). We also find that the landlords are to be paid on a prorata basis." Travel 2000, 264 B.R. at 450.

6. As a result the foregoing, it is clear that Debtor's extension of Koenig to the circumstances in this case is unwarranted. Additionally, Travel 2000 demonstrates the limited scope to which Koenig may be applied, which is not appropriate under the facts before the Court. Accordingly, Respondents are entitled to receive payment for rent due under the Respondents' Leases for the period of February 9, 2009 through February 28, 2009 as a postpetition obligation pursuant to 11 U.S.C. §365(d)(3). Such rent is currently due and payable in addition to rent admittedly due for March and April 2009.

7. The postpetition rent due and payable for February 9, 2009 through February 28, 2009 (calculated on a prorata basis), March 2009 and April 2009 for each of the Respondents is as follows:

Management Properties

| | |
|---|---|
| February (prorated) | $110,508 |
| March | $162,854 |
| April | $162,854 |
| March 20 Payment | ($75,000) |
| **Total Rent Due Under §365(d)(3)** | **$361,216** |

MacLean

| | |
|---|---|
| February (prorated) | $16,377 |
| March | $24,135 |
| April | $24,135 |
| **Total Rent Due Under §365(d)(3)** | **$64,647** |

3

626840.1

Cummins Trust

|  |  |
|---|---|
| February (prorated) | $ 5,428 |
| March | $ 8,000 |
| April | $ 8,000 |
| **Total Rent Due Under §365(d)(3)** | **$21,428** |
| **Total Postpetition Rent Now Due** | **$447,291** |

8. Debtor submits in its Motion that cause exists under 11 U.S.C. §365(d)(3) to extend the above lease obligations to April 13, 2009, which is the maximum statutory period possible for such an extension. Respondents would submit, however, that Debtor's reasons for delay are insufficient cause under 11 U.S.C. §365(d)(3). Debtor is apparently asserting that its lack of funds amounts to cause for extending its payment obligations under the above-referenced statute. Moreover, the availability of $200,000 under Debtor's Court-approved DIP financing arrangement is less than half of what is currently due and owing on Respondents' Leases alone. It is not even enough to satisfy what the Debtor admits it owes. Debtor admits it owes $314,978.00 which represents two months rent on each Lease after giving credit for the $75,000.00 paid on March 20, 2009. Finally, it is unclear why Debtor's proposed Order submitted with its Motion sets forth an extension date of April 30, 2009 instead of the April 13, 2009 as set forth in Debtor's Motion. To the extent Debtor seeks to extend time for payment under 11 U.S.C. §365(d)(3) beyond April 13, 2009, Respondents submit that there is no authority to do so.

9. Based on the foregoing, Respondents ask that Debtor's Motion for Additional Time to Meet Debtor's Obligations Under 11 U.S.C. §365(d)(3) be denied and that Debtor be required to make immediate payment for such obligations. Respondents further seek payment for the rent due under their respective leases for February 9, 2009 through February 28, 2009 on a prorata basis, in addition to rent due and payable for March and April 2009.

626840.1

Respectfully submitted this 6th day of April, 2009.

        WOOLF, MCCLANE, BRIGHT,
          ALLEN & CARPENTER, PLLC

        /s/ Gregory C. Logue
        Gregory C. Logue, #012157
        J. Calvin Ward, #024778

        900 Riverview Tower
        900 S. Gay Street
        Knoxville, Tennessee 37902
        865-215-1000
        865-215-1001 (fax)
        logueg@wmbac.com
        wardc@wmbac.com

        Attorneys for Respondents


        /s/ Thomas H. Shields, III
        Thomas H. Shields, III, #024184

        BEARFIELD & SHIELDS
        P.O. Box 4210
        Johnson City, Tennessee 37602
        (423)282-1006
        (423)282-3081 (fax)

        Attorneys for Cummins Trust

**CERTIFICATE OF SERVICE**

  The undersigned certifies that on April 6, 2009, a copy of the foregoing **Response to Motion for Additional Time to Meet Debtor's Obligations Under 11 U.S.C. §365(d)(3)** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. The following parties have been served by hand delivery, overnight delivery, facsimile transmission, or by mailing a copy of same by United States Mail, postage prepaid.

| | |
|---|---|
| Edna Michael<br>263 Oak Street<br>Mountain City, TN  37683 | Penny Kumertor<br>P.O. Box 250<br>Burtonsville, MD  20866 |
| Frank Haws<br>421 McClung Avenue<br>Huntsville, AL  35801 | Freeman Taylor<br>254 Sunrise Drive<br>Elizabethton, TN  37643 |
| LB Franklin<br>P.O. Box 5862<br>Kingsport, TN  37663 | George Stamper<br>P.O. Box 947<br>Winchester, KY 40392 |
| Appalachian Barnette<br>P.O.Box 1500<br>Blountville, TN  37617 | Cecil Clair<br>P.O. Box 724<br>Jackson, KY  41339 |
| Carolyn Chance<br>Rt. 1, box 76<br>Jonesville, VA  24263 | Myra Sartaine<br>334 Bethel Ridge<br>Olive Hill, KY  41164 |
| GEC, LLC<br>276 N. University Drive<br>Davie, FL  33024 | Bouri Investment<br>516 Holston Ave., Suite 100<br>Bristol, TN  37660 |
| GC Brown<br>14378 Afton Lane<br>Meadowview, VA  24361 | D&W Enterprises<br>c/o Charles S. Wright<br>11135 Crown Point Drive<br>Knoxville, TN  37922 |

          /s/   Gregory C. Logue, Esq.
           Gregory C. Logue, Esq., BPR 012157

         WOOLF, McCLANE, BRIGHT,
           ALLEN & CARPENTER, PLLC
         Post Office Box 900
         Knoxville, Tennessee  37901-0900
         (865) 215-1000