UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION AT GREENEVILLE

In Re :
:
APPALACHIAN OIL COMPANY, INC. : CASE NO. 09-50259
: Chapter 11
Debtor :

**REPLY OF KENNETH R. SHAW TO DEBTOR'S RESPONSE IN OPPOSITION TO MOTION AND APPLICATION, ETC.**

Kenneth R. Shaw makes this reply to *Response in Opposition to Motion and Application of Kenneth R. Shaw for Relief from Automatic Stay, to Require Property to Be Abandoned, and for Payment of Lease Obligations* (Dkt. #160). Shaw's motion (Dkt. #106) is currently scheduled for hearing on Wednesday, April 9, 2009, at 9:00 a.m.

On or about April 3, 2009, the debtor tendered $6,000.00 to Shaw, a payment representing the rent for March and April 2009. No payment has been made, however, on rent for February 9 through February 28, 2009.

In support of its position that it need not pay post-petition rent for the period from February 9 through February 28, the debtor relies on In re Koenig Sporting Goods, Inc., 203 F.3d 986 (6th Cir. 2000), and two cases purporting to follow it. The Koenig case, however, does not determine the outcome of this case.

On all fours with this case is the case of In re Travel 2000, Inc., 264 B.R. 444 (W. D. Mich. 2001). In that case monthly rent for February 2001 was owing on February 1, and the debtor filed its petition on February 2. Relying on In re Koenig Sporting Goods, Inc., 203 F.3d 986 (6th Cir. 2000), the debtor in Travel 2000 took the position, as does the debtor here, that it was not required to pay post-petition rent for the remainder of February.

The bankruptcy court in Travel 2000 disagreed. According to that court, the Koenig decision "narrowly addressed the application of 11 U.S.C. § 365(d)(3) to the specific facts presented in that case, those being that the lease payment came due during the post-petition, pre-rejection time period." 264 B.R. at 448. To allow the debtor to get rent-free occupancy during the so-called stub rent period, held the bankruptcy court, would be an "iniquitous application of the Bankruptcy Code"

and a step toward a violation of the constitutional prohibition against involuntary servitude. 264 B.R. at 449-450. Moreover, stated the bankruptcy court, the Bankruptcy Code uses the word "obligation," not "claim," in section 365(d)(3). Although the landlord's claim may have arisen pre-petition, the obligations of both the landlord and the debtor arose post-petition. 264 B.R. at 450. Finally, held the bankruptcy court, nothing in the legislative history of section 365(d)(3) indicates that Congress intended to overturn the long-standing practice under section 503(b)(1) of prorating the debtor's post-petition, pre-rejection rent, regardless of the billing date. 264 B.R. at 450-451. The decision in Travel 2000, not the decisions cited by the debtor, is the decision this court should use as its guide.

Even if this court were to disagree with the holding of Travel 2000, it still should allow Shaw a claim to the stub rent from February 9 through February 28, or $2,142.86. In In re UAL Corporation, 291 B.R. 121 (N. D. Ill. 2003), the bankruptcy court rejected the reasoning of Travel 2000 but held: "By directing a trustee to make timely payment of rental claims that are due during the option phase, § 365(d)(3) serves to satisfy claims that might otherwise have been asserted under § 503, but where § 365(d)(3) does not require trustee payment, administrative claim status under §503 would still be available to the extent that the use or rental property benefited the estate." 291 B.R. at 127. In fact, the priority of Shaw's claim for stub rent — as for all post-petition, pre-rejection rent claims — is greater than other section 503 administrative claims. See, e.g., In re Duckwall-ALCO Stores, Inc., 150 B.R. 965, 971 (D. Kan. 1993); In re Telesphere Communications, Inc., 148 B.R. 525, 527-30 (Bankr. N. D. Ill. 1992).

Again, for the foregoing reasons and for reasons set forth in the motion, Kenneth R. Shaw prays for the following:

    a.    An order terminating the automatic stay of section 362(a) of the Bankruptcy Code as to the Lease Agreement dated May 1, 2004, between the debtor and Kenneth R. Shaw and as to the property it concerns, known as 4510 107 Cutoff (mistakenly referred to as 6135 Jonesbridge Road in the motion), Greeneville, Tennessee 37743.

b.  An order requiring the debtor, as debtor-in-possession, to abandon the Lease Agreement dated May 1, 2004, between the debtor and Kenneth R. Shaw and the property it concerns, known as 4510 107 Cutoff, Greeneville, Tennessee 37743.

c.  An order allowing Kenneth R. Shaw a claim for rent incurred between February 9, 2009, and February 28, 2009, under section 365(d)(3) of the Bankruptcy Code in the amount of $2,142.86.

d.  An order authorizing and directing the debtor-in-possession or its successor-in-interest to pay Kenneth R. Shaw the sum allowed under "c" above before payment of section 503 administrative claims.

e.  Such other and further relief as is just.

Respectfully submitted,

/s/Edward T. Brading
Edward T. Brading (BPR#13724)
Herndon, Coleman, Brading & McKee
P. O. Box 1160
Johnson City, TN  37605-1160
(423)434-4700
Attorney for Kenneth R. Shaw

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the *Reply of Kenneth R. Shaw to Debtor's Response in Opposition to Motion and Application, Etc.* was served electronically.

This the 7th day of April, 2009.

/s/Edward T. Brading
Edward T. Brading (BPR#13724)
Herndon, Coleman, Brading & McKee
P. O. Box 1160
Johnson City, TN  37605-1160
(423)434-4700
Attorney for Kenneth R. Shaw