IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| APPALACHIAN OIL COMPANY, INC., | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | Case No. 09-50259 |
| PREMIUM FINANCING SPECIALISTS, INC. | ) | Chapter 11 |
| | ) | |
| Movant, | ) | |
| vs. | ) | |
| | ) | |
| APPALACHIAN OIL COMPANY, INC., | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM IN SUPPORT OF PREMIUM FINANCING
SPECIALISTS, INC.'S MOTION FOR RELIEF FROM AUTOMATIC STAY**

The description of the premium financing business as conducted by Premium Financing Specialists, Inc. (hereinafter "PFS") is described in *Baker & Co. v. Preferred Risk Mutual Insurance Co.*, 569 F.2d 1347, 1348 (5th Cir. 1978) to be a common practice in the insurance industry involving

> "an advance by the finance company to the insurance company or its agent of the premium due for the full term of the policy. This advance is then repaid by the insured to the finance company in amortized monthly installments which includes an additional amount to cover financing charges. The finance company is secured in making this advance by obtaining the right to cancel the policy and to receive the return premium due upon cancellation if timely repayments are not made."

This accurately describes what occurred in the present case. The debtor has defaulted and PFS is authorized by the contract with debtor to cancel the policies and receive the unearned premium. That right is suspended by the provisions of the automatic stay of 11 U.S.C. § 362.

The facts should not be the subject of dispute. Exhibit A to the motion of PFS is the contract entered into by the parties. It should not be disputed that the debtor is in default under

the contract. It is self evident that the premiums paid on the policies described in the Exhibit are earned by the insurance companies day by day and that with the passage of each day the amount of the unearned premiums is reduced and the security of PFS is to that extent lost on a daily basis.

The Tennessee Uniform Commercial Code provides that Article 9 does not apply to transfers of an interest in or claim in or under any policy of insurance. Tenn. Code Ann. §47-9-109(d)(8). Thus, no filing is required to perfect the lien created by the assignment of the unearned premiums to PFS. Courts in other jurisdictions interpreting this code provision have therefore held that Article 9 does apply to a secured transaction in which the collateral consists of unearned insurance premiums. See *Premium Financing Specialists, Inc. v. Lindsey*, 11 B.R. 135, 138 (E.D. Ark. 1981).

Where an insurance premium finance company was required to pay the full premium for the insured debtor, the transaction between the insured debtor and the insurance premium finance company was a secured loan. *Matter of Red Feather Fast Freight, Inc*., 1 B.R. 446, 450 (Bankr. Neb. 1979); *In re Duke Roofing Company, Inc.,* 47 B.R. 990, 992 (Bankr. E.D. Mich. 1985); In re *Air Vermont, Inc.,* 40 B.R. 335, 337 (Bankr. Vt. 1984); *Premium Financing Specialists, Inc. v. Lindsey, supra; In re Auto-Train, Corp.,* 9 B.R. 159, 165 (Bankr. D.C. 1981), *In Re Remcor, Inc.,* 186 B.R. 629, 663-636 (Bankr. W.D. Pa. 1995). The *Red Feather* court held that the right to any unearned premiums due on the policy was effectively assigned to the financing company by the insured debtor.

In a case very similar to the issue at hand, *Matter of Maple Wood Poultry Co*., 2 B.R. 550 (Bankr. Me. 1980), the court held that the premium finance agreement, which included the power to cancel the policies in case of default, entitled an insurance premium finance company, which loaned the debtor-in-possession funds with which to pay the premiums due on policies of

insurance covering the debtor's real and personal property, to demand cancellation of the policies and to recover premiums, notwithstanding the intervention of Chapter 11 proceedings. The court said that the finance company's security interest in unearned premiums arising by virtue of the agreement was enforceable against the world, including a debtor-in-possession, upon its execution. *Id*. at 555.

The fact that the insurance policies were not canceled prior to the filing of the present case does not result in the unearned premium becoming after acquired property. *In <u>In Re Repeating Arms Co.</u>,* 67 B.R. 990 (Bankr. Conn. 1986), the court dealt with the issue in this fashion:

> The objecting parties argue that even if TIFCO has a perfected security interest under state law, that interest is unenforceable under bankruptcy law. In essence, they contend that unearned premiums could only come into existence after the cancellation of the insurance policies, and since the policies were not cancelled prior to the commencement of this case, any unearned premiums would be after-acquired property of the bankruptcy estate, which under Code § 552 is not subject to TIFCO's prepetition security interest.
>
> As this Court concluded in *In Re RBS, Industries, Inc.,* supra, unearned premiums are not after-acquired property. Cancellation is merely a procedural device through which the parties intend to provide the premium financier with recourse to the collateral securing its loan; it does not operate to create the collateral.

*U.S. Repeating Arms Co*., 67 B.R. at 997.

In its motion, PFS has requested adequate protection. It is not presently known whether when the policies are canceled the unearned premiums will be sufficient to pay the debt owed to PFS by debtor. If, as may be the case, the unearned premiums then are insufficient to pay the debt, PFS is entitled to the allowance of a super priority administrative claim pursuant to 11 U.S.C. § 507(b) in an amount equal to the earned premiums since the filing of the petition in bankruptcy and until the cancellation of the policies sufficient to completely retire the debt of

3

debtor to PFS. In *In Re Hilyard Drilling Co., Inc.,* 58 Bankr. 616, 619 (Bankr. W.D. Ark. 1985) the court held:

> United Insurance Agency, Inc., and USF & G, as their interest may appear, are, therefore, allowed a priority administrative claim in an amount equal to the accrued premium since the filing of the petition in bankruptcy and until the expiration of the policies. . . . Debtor shall, as adequate protection under 11 U.S.C. Section 362, within 30 days from the entry of the Order of this same date pay all premiums earned since the filing of the petition up to the date of this Memorandum Opinion.

PFS is entitled to a determination that the stay should be modified so as to permit PFS to cancel the policies and realize upon its collateral.

                                        Respectfully submitted,

                                        */s/Maurice K. Guinn*
                                        Maurice K. Guinn
                                        (Bar Code No. 000366)
                                        Gentry, Tipton & McLemore, P.C.
                                        P.O. Box 1990
                                        Knoxville, Tennessee  37901
                                        (865) 525-5300
                                        Attorneys for Premium Financing Specialists, Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 1, 2009, the foregoing "**Memorandum In Support of Premium Financing Specialists, Inc.'s Motion For Relief From Automatic Stay**" was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to the parties identified in the electronic filing receipt.

Copies of the foregoing "**Memorandum In Support of Premium Financing Specialists, Inc.'s Motion For Relief From Automatic Stay**" were served on May 1, 2009, by first class mail with sufficient postage attached in envelopes addressed as follows:

Appalachian Oil Company, Inc.
P.O. Box 1500
Blountville, TN  37617-1500

Robert Ross, Creditor Manager
BP Products North America Inc.
Central Park Lisle
3333 Warrenville Road, Suite 8079
Lisle, IL  60532

Jeff Bednar
1293 Eldridge Parkway
Room 4035 North
Houston, TX  77077

John Locker
Wholesale Creditor Manager
3475 Corporate Way, Suite B
Duluth, GA  30096

Scot Shanks, CEO
L.P. Shanks Company
P.O. Box 1068
Crossville, TN  38557

William Kaye, Sr. Bankruptcy Advisor
Coca-Cola Enterprises, Inc.
521 Lake Kathy Drive
Brandon, FL  33510

*/s/Maurice K. Guinn*
Maurice K. Guinn

*MKG/bd:Pleadings – 6453 Memorandum - Motion Stay Relief – Adequate Protection 05-01-2009*