

**SO ORDERED.**

**SIGNED this 04 day of May, 2009.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
Marcia Phillips Parsons
UNITED STATES BANKRUPTCY JUDGE

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| APPALACHIAN OIL COMPANY, INC. | * | CASE NO. 2:09-bk-50259 |
| | * | Chapter 11 |
| Debtor | * | |

**ORDER AUTHORIZING CREDIT RELATIONSHIP WITH**
**VIRGINIA, KENTUCKY AND TENNESSEE LOTTERY COMMISSIONS**

Upon motion for order authorizing Debtor to obtain post-petition financing arrangements with State Lottery Commissions (the "Motion"), **IT IS HEREBY ORDERED:**

1. That the Motion is granted;

2. That the Court hereby authorizes and approves the extension of credit by The Virginia Lottery Commission to the Debtor for lottery sales conducted by the Debtor in its store locations in the State of Virginia on the same terms and conditions that existed between the parties pre-petition without the requirement that the Debtor post a deposit or bond provided that:

(a) the Debtor establish a separate deposit account for the proceeds of Virginia lottery sales; and (b) the granting of the Virginia Lottery Commission a security interest in the lottery equipment currently located or installed in the Debtor's Virginia convenience store locations;

3. That the Court hereby authorizes and approves the extension of credit by The Kentucky Lottery Commission to the Debtor for lottery sales conducted by the Debtor in its store locations in the State of Kentucky on the same terms and conditions that existed between the parties pre-petition without the requirement that the Debtor post a deposit or bond provided that: (a) the Debtor establish a separate deposit account for the proceeds of Kentucky lottery sales; and (b) the granting of the Kentucky Lottery Commission a security interest in the lottery equipment currently located or installed in the Debtor's Kentucky convenience store locations;

4. That the Court hereby authorizes and approves the extension of credit by The Tennessee Lottery Commission to the Debtor for lottery sales conducted by the Debtor in its store locations in the State of Tennessee on the same terms and conditions that existed between the parties pre-petition without the requirement that the Debtor post a deposit or bond provided that: (a) the Debtor establish a separate deposit account for the proceeds of Tennessee lottery sales; and (b) the granting of the Tennessee Lottery Commission a security interest in the lottery equipment currently located or installed in the Debtor's Tennessee convenience store locations;

5. That the Virginia Lottery Commission is hereby granted, effective immediately, a first priority, post-petition security interest and lien upon: (a) the Virginia lottery sales conducted by the Debtor at its Virginia convenience store locations, less the sales commissions due the Debtor, and (b) the Virginia Lottery equipment located in or to be installed in such Virginia convenience store locations and the proceeds thereof to secure the payment of proceeds from the sale of Virginia Lottery products pursuant to this Order, and the liens and priority granted to

the Virginia Lottery Commission shall be perfected by operation of law upon entry of this Order, and the Virginia Lottery Commission shall not be required to enter into or obtain mortgagee waivers, bailee waivers, or warehousemen waivers or to file or record financing statements, mortgages, deeds of trust, leasehold mortgages, notices of lien or similar instruments in any jurisdiction, or obtain consents from any landlord, licensor or similar party in interest, or to take any other action in order to validate and to perfect the security interests and liens granted to the Virginia Lottery Commission pursuant to this Order;

6. That the Kentucky Lottery Commission is hereby granted, effective immediately, a first priority, post-petition security interest and lien upon: (a) the Kentucky lottery sales conducted by the Debtor at its Kentucky convenience store locations, less the sales commissions due the Debtor, and (b) the Kentucky Lottery equipment located in or to be installed in such Kentucky convenience store locations and the proceeds thereof to secure the payment of proceeds from the sale of Kentucky Lottery products pursuant to this Order, and the liens and priority granted to the Kentucky Lottery Commission shall be perfected by operation of law upon entry of this Order, and the Kentucky Lottery Commission shall not be required to enter into or obtain mortgagee waivers, bailee waivers, or warehousemen waivers or to file or record financing statements, mortgages, deeds of trust, leasehold mortgages, notices of lien or similar instruments in any jurisdiction, or obtain consents from any landlord, licensor or similar party in interest, or to take any other action in order to validate and to perfect the security interests and liens granted to the Kentucky Lottery Commission pursuant to this Order;

7. That the Tennessee Lottery Commission is hereby granted, effective immediately, a first priority, post-petition security interest and lien upon: (a) the Tennessee lottery sales conducted by the Debtor at its Tennessee convenience store locations, less the sales commissions due the Debtor, and (b) the Tennessee Lottery equipment located in or to be installed in such Tennessee convenience store locations and the proceeds thereof to secure the

payment of proceeds from the sale of Tennessee Lottery products pursuant to this Order, and the liens and priority granted to the Tennessee Lottery Commission shall be perfected by operation of law upon entry of this Order, and the Tennessee Lottery Commission shall not be required to enter into or obtain mortgagee waivers, bailee waivers, or warehousemen waivers or to file or record financing statements, mortgages, deeds of trust, leasehold mortgages, notices of lien or similar instruments in any jurisdiction, or obtain consents from any landlord, licensor or similar party in interest, or to take any other action in order to validate and to perfect the security interests and liens granted to the Tennessee Lottery Commission pursuant to this Order;

8. That this Court has jurisdiction to enter this Order pursuant to 28 U.S.C. §§ 157(b) and 1334, and the consideration of the Motion constitutes a core proceeding, as defined in 28 U.S.C. § 157(b)(2).

###

**APPROVED FOR ENTRY:**

**HUNTER, SMITH & DAVIS, LLP**
*s/Mark S. Dessauer*
Mark S. Dessauer, Esq. (TN BPR NO. 010421)
Attorney for Debtor
Post Office Box 3740
Kingsport, Tennessee 37664
(423) 378-8840; Fax: (423) 378-8801

**DESSAUER: A-B**
**APPALACHIAN OIL**
**APPCO.85049**