IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TENNESSEE

In re:

APPALACHIAN OIL COMPANY, INC.     Case No.: 2:09-bk-50259

_____ Debtor.  /

### GEC LLC'S OBJECTION TO DEBTOR'S MOTION TO REJECT UNEXPIRED LEASE OF NON-RESIDENTIAL REAL PROPERTY

GEC LLC, by and through its undersigned counsel[1], and files this Objection to Debtor's Motion to Reject Unexpired Lease of Non-Residential Real Property (C.P. 298) (the "Motion") and states:

1. GEC LLC, the landlord of the real property which is the subject of Debtor's Motion, is a party in interest to the Motion.

2. GEC LLC objects to the relief requested in the Motion and respectfully requests that, pursuant to Local Rule 9013-1(h), the Court schedule a hearing on the Motion.

3. The Debtor, Appalachian Oil Company, Inc.'s Chapter 11 bankruptcy was filed on February 9, 2009.

4. Subsequent to the filing of the bankruptcy, GEC LLC and Appalachian Oil Company, Inc. entered into the Addendum attached as Exhibit No. 1 to the Motion agreeing, among other things, to "modify the payment and lease terms of its Lease".

---

[1]The undersigned was just retained to file this Objection on behalf of GEC LLC. Immediately prior to filing this Objection, the undersigned counsel filed his Motion to Appear *Pro Hac Vice* in this case.

5. The Addendum, dated April 9, 2009 and effective March 1, 2009, executed under the actual or apparent authority by Appalachian Oil Company, Inc.'s CEO, Mr. Martin Anderson, provides that Appalachian Oil Company, "...shall affirm and accept the Lease and this Addendum in Lessee's Bankruptcy proceedings to ensure that the Lease and Addendum shall survive as a continuing obligation of Lessee."

6. Appalachian Oil Company, Inc. confirmed and ratified the terms of the Addendum by paying the modified rent for both March and April 2009.

7. Under the circumstances, GEC LLC having relied on the actual or apparent authority of Mr. Anderson in executing the Addendum on behalf of Appalachian Oil Company, Inc., it would be inequitable to allow the Debtor to now reject the lease after it had agreed to assume the lease as modified by the Addendum and had made payments pursuant to the modified terms, thereby confirming or ratifying the modifications set forth in the Addendum.

8. Since the undersigned was just retained to represent GEC LLC in this matter, the undersigned has not had an opportunity to assess Debtor's allegations in its Motion regarding Section 365 of the Bankruptcy Code in light of the factual circumstances described in this Objection. Accordingly, GEC LLC respectfully reserves its rights to supplement this Objection prior to the scheduled hearing of the Motion.

For the reasons set forth herein and for such additional reasons as may be provided by supplement to this Objection, GEC LLC objects to the relief requested in the Motion and respectfully requests that, pursuant to Local Rule 9013-1(h), the Court schedule a hearing on the Motion.

DATED: May 26, 2009

                **ZORRILLA & ASSOCIATES, P.L.**
                Attorneys for GEC LLC
                1401 Brickell Avenue, Suite 570
                Miami, Florida 33131
                Telephone No. (305) 860-3831
                Facsimile No. (305) 860-3832

                By: /s/ Robert E. Stone
                      Robert E. Stone, Esq.
                      Florida Bar No. 352446

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Objection was uploaded for filing and served by the Court's CM/ECF electronic noticing system on May 26, 2009 to those registered to receive electronic notice in this case.

**ZORRILLA & ASSOCIATES, P.L.**
1401 Brickell Avenue, Suite 570
Miami, Florida 33131
Telephone No. (305) 860-3831
Facsimile No. (305) 860-3832

By: /s/ Robert E. Stone
    Robert E. Stone, Esq.
    Florida Bar No. 352446