UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| APPALACHIAN OIL COMPANY, INC. | * | CASE NO. 2:09-bk-50259 |
| | * | Chapter 11 |
| Debtor | * | |

# RESPONSE IN OPPOSITION TO MOTION FOR RELIEF FROM STAY

The Debtor, Appalachian Oil Company, Inc. submits the following response in opposition to the motion for relief from the automatic stay (the "Motion") filed by Agnes C. Davis [Doc. No. 138].

1. Answering Paragraph 1 of the Motion, the allegations contained therein are admitted.

2. Answering Paragraph 2 of the Motion, it is admitted that the Debtor and Agnes C. Davis are parties to a Lease Agreement dated September 3, 1991 (the "Lease"). It is further admitted that the Debtor failed to pay the January, 2009 rent under the Lease. It is denied that the letter dated January 24, 2009 attached as Exhibit B to the Motion constitutes a pre-petition termination of the Lease. The remaining allegations in Paragraph 2 are denied.

3. Answering Paragraph 4 [sic] of the Motion, the allegations contained therein are denied. The Debtor further denies that Ms. Davis is entitled to relief from the automatic stay or cause exists to grant relief from the stay.

As defense to Ms. Davis' motion for relief from stay, the Debtor states as follows:

1. The Lease fails to state a specific date on which the rent is due.

2. Paragraph 10 of the Lease provides a ten (10) day cure period after receipt of notice from the Lessor for any failure to pay rent.

3. Exhibit B to the motion states:

> Appalachian Oil Co., Inc.
> Box 1500 Highway 75
> Blountville, Tennessee 37617
>
> Dear Sir:
>
> Due to breach of Contract I will be compelled to contact another Oil Co. to take over the business at my station at Fort Chiswell.
>
> Sincerely,
>
> Agnes C. Davis

The above statement does not state the nature of the "breach of Contract" or the cure period, if any. Thus, the above language does not constitute an effective pre-petition termination of the Lease under its terms or under applicable law.

4. Section 362 (d) (1) of the Bankruptcy Code provides that:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided in subsection (a) of this section, such as terminating, annulling, modifying; or conditioning such stay.
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest…11 USC § 362 (d)(1).

The movant has the initial burden to establish that cause exists, while the debtor bears the ultimate burden on all other issues other than equity in its property. 11 USC § 362(g); In re Poissant, ___ B. R. _____, 2009 WL 1402269 (Bankr. N. D. Ohio May 20, 2009). If the movant cannot make this initial showing, relief from stay should be denied without requiring the debtor to make any showing that it is entitled to continued protection of the automatic stay. Sonnax Indus., Inc. v. Tri Component Production Corp. (In re Sonnax Indus., Inc.), 907 F. 2d 1280, 1285 (2nd Civ. 1990).

"Cause" is not defined in the Bankruptcy Code but includes the lack of adequate protection. Therefore, under § 362 (d)(1), the "court must determine whether discretionary relief is appropriate on a case by case basis". In re Laguna Associates, L.P., 30 F. 3d 734, 737 (6th Civ. 1994). In determining whether cause exists, the bankruptcy court should base its decision on the hardships imposed on the parties with an eye toward the overall goals of the Bankruptcy Code. In re C&S Grain Co., 47 F. 3d 233, 238 (7th Civ. 1995).

Here, Ms. Davis' January 24, 2009 letter does not constitute an effective termination of the Lease and, thus, does not give rise to "cause" under § 362(d)(1) to lift the stay.

5. The Debtor has paid all post-petition rent on the Lease except for the month of February; 2009, which the court has found in previous motions on this issue that. The Debtor has previously been granted an extension of time until September 7, 2009 to assume or reject the Lease.

For the reasons set forth herein, the Motion should be denied.

**HUNTER, SMITH & DAVIS, LLP**

By:    ***/s/Mark S. Dessauer***
       Mark S. Dessauer, Esq.
       TN BPR NO. 010421
       Attorney for Debtor
       Post Office Box 3740
       Kingsport, Tennessee 37664
       (423) 378-8840; Fax: (423) 378-8801

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 2, 2009 the **Response In Opposition to Motion for Relief from Stay** was filed electronically. The following parties will receive copies of this document. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties, if any, have been served by hand delivery, overnight delivery, facsimile transmission, or by mailing a copy of same by United States Mail, postage prepaid.

    Daniel R. Bieger
    Copeland & Bieger, P. C.
    212 W. Valley Street
    P. O. Box 1296
    Abingdon, VA 24212

**HUNTER, SMITH & DAVIS, LLP**

    */s/ Mark S. Dessauer*
    Mark S. Dessauer

**DESSAUER: A-B: APPALACHIAN OIL**
**APPCO.85049**