**SO ORDERED.**

**SIGNED this 10 day of June, 2009.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.



_____
**Marcia Phillips Parsons**
**UNITED STATES BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| In re: | * | Chapter 11 |
| APPALACHIAN OIL COMPANY, INC. | * | Case No. 09-50259 |
| | * | |
| Debtor. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**ORDER APPROVING COMPROMISE AND SETTLEMENT BY AND AMONG DEBTOR, OFFICIAL COMMITTEE OF UNSECURED CREDITORS, GREYSTONE BUSINESS CREDIT II, L.L.C., FORMER SHAREHOLDERS, AND LANDLORDS**

Upon consideration of the Motion for Approval of Compromise and Settlement (the "Motion") filed by Appalachian Oil, Inc., the above-captioned debtor and debtor-in-possession (the "Debtor"), seeking approval of a compromise and settlement set forth in the settlement agreement attached as an exhibit to the Motion (the "Settlement Agreement") by and between the Debtor, Management Properties, Inc. ("MPI"), MacLean, Inc. ("MacLean"), and Michael Cummins, Kevin Cummins, Anthony Cummins and John Cummins (the Successors-in-interest to

the Jack W. Cummins, Sr. Irrevocable Trust), Sara G. MacLean, and the Linda R. MacLean Irrevocable Trust (together with MPI and MacLean, the "Landlords"); and the Official Committee of Unsecured Creditors appointed in the Debtor's bankruptcy case (the "Committee") having raised an objection to the Motion; and the Debtor, the Committee, Greystone Business Credit II, L.L.C. ("Greystone"), the Landlords, and the Former Shareholders, defined *infra*, having reached an agreement with respect to the Settlement, as modified by this Order; and the Court having held a hearing on the Motion; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iii) pursuant to *Fed. R. Bankr. P.* 2002(a), the time for notice for approval of the Settlement Agreement, as modified by this Order, and notice of hearing thereon, is shortened such that a final hearing can be held on the motion on June 10, 2009, (iv) the parties required to receive notice of the Motion, as modified by this Order, is limited to the parties to the proposed compromise, the Official Committee of Unsecured Creditors, Titan Global Holdings, Inc., Greystone Business Credit II, L.L.C., the parties and entities that have specifically requested notice and the twenty largest unsecured creditors; and (v) it appearing that approval of the Settlement Agreement, as modified by this Order, to which the parties consent, is in the best interests of the Debtor, its estate, and creditors, it is, therefore, by the United States Bankruptcy Court for the Eastern District of Tennessee,

**ORDERED**, that the Motion be and hereby is **GRANTED** to the extent set forth herein; and it is further

**ORDERED**, that the Settlement Agreement as modified by this Order, is hereby approved; and it is further

**ORDERED**, that at closing of the Settlement Agreement as modified herein, and the execution of all documents and agreements necessary for the closing of the Settlement Agreement as modified by this Order, the James R. MacLean Revocable Trust, Sara G. MacLean, The Linda R. MacLean Irrevocable Trust, and Jeffrey H. Benedict (the "Former Shareholders") and the Debtor shall pursuant to signed instructions direct and authorize Branch Banking and Trust Company (the "Escrow Agent") under Escrow Agreement dated September 7, 2007 among the Debtor, Titan Global Holdings, Inc., the Former Shareholders and the Escrow Agent to release and disburse the monies on deposit in the Escrow Fund (as defined in the Escrow Agreement) as follows: (i) the fees and expenses due the Escrow Agent following the review and approval of same by the Debtor and the Former Shareholders; (ii), the sum of $750,000 to counsel for the Committee; and the balance of the Escrow Fund to the Former Shareholders; and it is further

**ORDERED**, that upon receipt by the Escrow Agent of such signed instructions from the Debtor and the Former Shareholders, the Escrow Agent is directed to disburse the monies in the Escrow Fund in accordance with such signed instructions; and it is further

**ORDERED**, that upon the Escrow Agent's disbursement of the Escrow Fund in accordance such signed instructions, the Escrow Agent shall be deemed released and forever discharged form any further liabilities or obligations under the Escrow Agreement; and it is further

**ORDERED**, that the $750,000, upon its release or disbursement from the Escrow Fund, to the Committee shall be segregated and held by counsel for the Committee to be used solely for distributions to general unsecured creditors and payment of approved fees and expenses of the Committee's professionals; and it is further

**ORDERED**, that at closing of the Settlement Agreement as modified herein, and the execution of all documents and agreements necessary for the closing of the Settlement Agreement as modified by this Order, and upon the payment of the $750,000 from the Escrow Fund to the Committee, the Debtor, the Debtor's estate and the Committee shall execute and deliver a blanket release to the Former Shareholders, the Landlords, James R. MacLean, Linda R. MacLean and their respective officers, directors, employees, attorneys and agents; and it is further

**ORDERED**, that $25,000 of the $750,000 disbursed or released to the Committee from the Escrow Fund shall be immediately available to pay the Debtor's professionals for approved fees and expenses; and it is further

**ORDERED**, that the Landlords and the Former Shareholders shall not be permitted to recover on any of their claims against the Debtor or the Debtor's estate from the $750,000 disbursed or released to the Committee from the Escrow Fund; and it is further

**ORDERED**, that Greystone's share of any distribution made to general unsecured creditors from the $750,000 disbursed or released to the Committee from the Escrow Fund shall be limited to 17% of the amount distributed to general unsecured creditors from said fund; and it is further

**ORDERED**, that upon the closing of the Settlement Agreement as modified herein, and the execution of all documents and agreements necessary for the closing of the Settlement Agreement as modified by this Order, Greystone's liens on all of the Debtor's assets, as referenced in the *Final Order Authorizing Debtor in Possession Financing and Use of Cash Collateral*, entered by the Court on April 14, 2009, as amended by *Amendment to Final Order Authorizing Debtor in Possession Financing and Use of Cash Collateral,* entered by the Court

on June 1, 2009 ( collectively the "DIP Order"), except for Avoidance Claims and Avoidance Proceeds as defined in the DIP Order, shall be deemed first priority (except to the limited extent liens were granted to vendors in the DIP Order), valid and unavoidable; and it is further

**ORDERED**, that upon and following closing of the Settlement Agreement as modified herein, and the execution of all documents and agreements necessary for the closing of the Settlement Agreement as modified by this Order, there shall be carved out from Greystone's liens and claims to the net sale proceeds from the sale of the assets of the Debtor's estate for the benefit of general unsecured creditors, the following amounts:

> A. $250,000 of the first proceeds in excess of $4 million of the net sale proceeds paid to Greystone;
>
> B. 5% of all net sale proceeds in excess of $4,250,000 until net sale proceeds of $8 million are reached;
>
> C. 10% of all net sale proceeds in excess of $8 million until net sale proceeds of $10 million are reached; and
>
> D. 5% of all net sale proceeds in excess of $10 million; and it is further

**ORDERED**, that the net sale proceeds other than the carve out described above for unsecured creditors shall be designated to pay Greystone's priority claim and secured claim against the Debtor and the Debtor's estate until such claims are paid in full; and it is further

**ORDERED**, that at the closing of the Settlement Agreement as modified herein, and the execution of all documents and agreements necessary for the closing of the Settlement Agreement as modified by this Order, the Debtor, the Debtor's estate, and the Committee shall execute and deliver to Greystone a blanket release of all claims against Greystone, its officers, directors, employees, attorneys and financial advisors employed with regard to this chapter 11

case and any of its affiliates that are or were participants in providing financing to the Debtor; and it is further

**ORDERED**, that the sale proceeds carved out from Greystone's liens and claims for the benefit of unsecured creditors shall be set aside and paid to counsel for the Committee and used solely for distribution to general unsecured creditors and payment of allowed fees and expenses of the Committee's professionals and, for avoidance of doubt, Greystone shall not be permitted to recover on any of their claims against the Debtor or the Debtor's estate from the sale proceeds paid to the Committee; and it is further

**ORDERED,** that the sale proceeds carved out from Greystone's liens and claims for the benefit of unsecured creditors and the $750,000 to be disbursed and paid to the Committee from the Escrow Fund are Avoidance Proceeds as defined in the DIP Order; and it if further

**ORDERED,** that except for the limitations on its sources of repayment set forth in this Order, the payment of the unsecured portions of Greystone's claims in this case shall be on the same basis as any and all other unsecured claimants as to all other sources of repayment, and it is

**ORDERED**, that the Debtor be authorized to execute and deliver such new or restructured leases under the terms set forth in the Settlement Agreement; and it is further

**ORDERED**, that the Landlords are hereby granted relief from the automatic stay pursuant to 11. U.S.C. §362(d)(1) to take possession of any property rejected by the Debtor under the Settlement Agreement, and the automatic stay is further modified so that the Landlords may terminate and take possession of any real property described in any restructured Leases that are executed by the Debtor and the Landlords pursuant to the restructured terms set forth in the Settlement Agreement for which Debtor is thirty (30) days overdue on rent; and it is further

**ORDERED,** that the relief from stay and modification of the automatic stay described above fully resolves Docket Nos. 129, 133 and 135.

**ORDERED**, that the Landlords shall be entitled to an administrative expense claim for any lease to which the Debtor and Landlords are parties, including the restructured leases, for any period in which the Debtor is in possession of the respective leased premises and all other claims of the Landlords shall be entitled to general unsecured non-priority status; provided, however, that Landlords and Former Shareholders shall not recover on any of their claims against the Debtor and the Debtor's estate from the $750,000 disbursed or released to the Committee form the Escrow Fund; and it is further

**ORDERED**, that the newly structured leases described in the Settlement Agreement shall be considered assumed leases for the purposes of § 365 of the Bankruptcy Code, except that (i) the Debtor's rent obligations upon assignment for the period February 10, 2009, through February 28, 2009, shall be for the properties and at the rental rates set forth in the restructured lease; and (ii) the 2008 property taxes due from the Debtor to the Landlords under their respective leases shall only be owing for the properties covered by the restructured leases and shall not be due until the sale by the Debtor and assumption by a third party purchaser of such restructured leases, provided that nothing herein shall prohibit the Landlord from filing an unsecured claim for 2008 property taxes for the properties not covered by the restructured leases and rejected by the Debtor; and it is further

**ORDERED,** the provisions of this Order, and any actions taken pursuant hereto shall survive the entry of any Order dismissing this case or converting this case from Chapter 11 to Chapter 7 and shall be binding on any Chapter 11 trustee or Chapter 7 trustee appointed herein.

**ORDERED**, that this Order shall become immediately effective upon entry and shall not be subject to any stay provided in the Federal Rules of Bankruptcy Procedures, including Rules 4001(a)(3), 6004(h) and 6006(d).

###

**SIGNATURE PAGE TO FOLLOW**

**APPROVED FOR ENTRY:**


*/s/ Mark S. Dessauer*
**Mark S. Dessauer, Esq. (TN BPR No. 010421)**
**HUNTER, SMITH & DAVIS, LLP**
**Attorney for Debtor**
**Post Office Box 3740**
**Kingsport, Tennessee 37664**
**(423) 378-8840; Fax (423) 378-8801**


*/s/ Gregory C. Logue*
**Gregory C. Logue**
**WOOLF, MCCLAIN, BRIGHT, ALLEN & CARPENTER**
**900 Riverview Tower**
**900 Gay Street**
**Knoxville, TN 37902**
**Attorney for Landlords and Former Shareholders**


*/s/ John F. Carlton*
**John F. Carlton (MD# 06591)**
**WHITEFORD, TAYLOR & PRESTON, L.L.P.**
**Seven Saint Paul Street**
**Baltimore, Maryland 21202**
**(410) 347- 8700**
**(410) 725-6510 –Fax**
**jcarlton@wtplaw.com**
**Attorneys for Official Committee of Unsecured Creditors**


*/s/ Craig V. Gabbert*
**Craig V. Gabbert**
**Glenn B. Rose**
**HARWELL HOWARD HYNE GABBERT & MANNER, P.C.**
**315 Deaderick Street, Suite 1800**
**Nashville TN. 37238**
**(615) 256-0500**
**(615) 251-1059-Fax**
**Attorneys for Greystone Credit II, L.L.C.**