**SO ORDERED.**

**SIGNED this 10 day of June, 2009.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.



_____
**Marcia Phillips Parsons**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| APPALACHIAN OIL COMPANY, INC. | * | CASE NO. 2:09-bk-50259 |
| | * | Chapter 11 |
| Debtor | * | |

# O R D E R

The motion of Debtor, Appalachian Oil Company, Inc., for sale of property free and clear of liens and encumbrances (the "Motion") came on for hearing before the Honorable Marcia P. Parsons, United States Bankruptcy Judge, United States Bankruptcy Court, Eastern District of Tennessee, on the 2nd day of June, 2009. After review of the record and noting no objections to the Motion had been filed, the Court found the Motion to be well taken and should be granted.

**WHEREFORE, IT IS HEREBY ORDERED:**

1. That the Motion is **granted**;

2. That the Debtor is authorized to proceed to consummate the sale of the Property (as defined in the Motion) (the "Property") to TAAL Enterprises, L.L.C. for the sum of $60,000.00;

3. That the Debtor is authorized to enter into and deliver such deed or other instrument of conveyance necessary to sell, convey and transfer all right, title and interest of the Debtor in and to the Property to TAAL Enterprises, L.L.C.;

4. That, in addition to authorizing the transactions contemplated by the Motion, the Court further finds that: (a) TAAL Enterprises, L.L.C. is a good-faith purchaser of the Property under 11 U.S.C. § 363(m); (b) that the sale of the Property to TAAL Enterprises, L.L.C. does not involve improper conduct, collusion and cannot be avoided under grounds set forth under 11 U.S.C. § 363(n); (c) that, upon consummation of the sale of the Property as contemplated in the Motion, the Property shall be deemed sold to TAAL Enterprises, L.L.C. free and clear of any lien, claim or encumbrance in favor of Greystone Credit II, L.L.C., other secured creditors of the Debtor or other creditors whose claims could act as liens against the Property; and (d) that the transactions contemplated by the Motion may be consummated immediately upon the signing or filing of this Order and pursuant to Fed. R. Bankr. P. 6004(g), the sale of the Property as contemplated by the Motion shall not be stayed pending the expiration of ten (10) days from the entry of this Order; and

5. That, notwithstanding anything contained in Paragraph 4 above to the contrary, the proceeds generated by the sale of the Property constitute cash collateral under 11 U.S.C. § 363(a) and the Debtor is authorized to use such cash collateral for the expenditures set forth in the Budgets attached as Exhibit A to Final Order Authorizing Debtor in Possession Financing and Use of Cash Collateral [Document No. 242] or Exhibit B to Amendment to Final Order

Authorizing Debtor in Possession Financing and Use of Cash Collateral [Document No. 418], subject to the superpriority claims, rights and security interests of Greystone Credit II, L.L.C. therein.

***###***

**APPROVED FOR ENTRY:**

***s/ Mark S. Dessauer***
Mark S. Dessauer, Esq. (TN BPR NO. 010421)
HUNTER, SMITH & DAVIS, LLP
Post Office Box 3740
Kingsport, Tennessee  37664
E-mail:  dessauer@hsdlaw.com
(423)  378-8840; Fax: (423) 378-8801
Attorney for Debtor

**DESSAUER: A-B: APPALACHIAN OIL**
**APPCO.85049**