**SO ORDERED.**

**SIGNED this 18 day of June, 2009.**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**



_____
**Marcia Phillips Parsons**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **IN RE:** | * | |
| | * | |
| **APPALACHIAN OIL COMPANY, INC.** | * | **CASE NO. 2:09-bk-50259** |
| | * | **Chapter 11** |
| **Debtor** | * | |

# O R D E R

      The motion of Debtor, Appalachian Oil Company, Inc., to sell property free and clear of liens and encumbrances and for use of cash collateral (the "Motion") came on for hearing before the Honorable Marcia P. Parsons, United States Bankruptcy Judge, United States Bankruptcy Court, Eastern District of Tennessee, on the 16th day of June, 2009.  After review of the record and noting no objections to the Motion had been filed, the Court found the Motion to be well taken and should be granted.

**WHEREFORE, IT IS HEREBY ORDERED:**

1.      That the Motion is **granted**;

2.      That the Debtor is authorized to proceed to consummate the sale of the Equipment (as defined in the Motion) to Riggs Oil Company for a purchase price of $20,000.00;

3.      That the Debtor is authorized to enter into and deliver such bill of sale or other document of conveyance necessary to sell, convey and transfer the right, title and interest of the Debtor in and to the Equipment to Riggs Oil Company;

4.      That, in addition to authorizing the transactions contemplated by the Motion, the Court further finds that: (a) Riggs Oil Company is a good-faith purchaser under 11 U.S.C. § 363(m) of the Equipment; (b) that the sale of the Equipment to Riggs Oil Company does not involve improper conduct, collusion and cannot be avoided under grounds set forth under 11 U.S.C. § 363(n); (c) that all claims of liens and encumbrances including, but not limited to, the claim of Greystone Credit II, L.L.C., other secured creditors of the Debtor or other creditors whose claims could act as liens against the Equipment attach to the proceeds of the sale; (d) that, upon consummation of the sale of the Equipment as contemplated in the Motion, the Equipment shall be deemed sold to Riggs Oil Company free and clear of any such lien, claim or encumbrance; and (e) that the transactions contemplated by the Motion may be consummated immediately upon the signing or filing of this Order and pursuant to Fed. R. Bankr. P. 6004(g), the sale of the Equipment as contemplated by the Motion shall not be stayed pending the expiration of ten (10) days from the entry of this Order; and

5.     That, notwithstanding anything contained in Paragraph 4 above to the contrary, the proceeds generated by the sale of the Equipment constitute cash collateral under 11 U.S.C. § 363(a) and the Debtor is authorized to use such cash collateral for the expenditures set forth in the Budget attached as Exhibit A to Final Order Authorizing Debtor in Possession Financing and Use of Cash Collateral [Document No. 242] or Exhibit B to Amendment to Final Order Authorizing Debtor in Possession Financing and Use of Cash Collateral [Document No. 418] subject to the superpriority claims, rights and security interests of Greystone Credit II, L.L.C. therein.

**###**

**APPROVED FOR ENTRY:**

_**s/ Mark S. Dessauer**_
Mark S. Dessauer, Esq. (TN BPR NO. 010421)
HUNTER, SMITH & DAVIS, LLP
Post Office Box 3740
Kingsport, Tennessee  37664
E-mail:  dessauer@hsdlaw.com
(423)  378-8840; Fax: (423) 378-8801
Attorney for Debtor

**DESSAUER: A-B**
**APPALACHIAN OIL**
**APPCO.85049**