**SO ORDERED.**

**SIGNED this 01 day of July, 2009.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.



_____
**Marcia Phillips Parsons**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| APPALACHIAN OIL COMPANY, INC. | * | CASE NO. 2:09-bk-50259 |
| | * | Chapter 11 |
|     Debtor | * | |

# O R D E R

The motion of Debtor, Appalachian Oil Company, Inc., to sell property free and clear of liens and encumbrances and for use of cash collateral (the "Motion") came on for hearing before the Honorable Marcia P. Parsons, United States Bankruptcy Judge, United States Bankruptcy Court, Eastern District of Tennessee, on the 16th day of June, 2009. After review of the record and noting no objections to the Motion had been filed, the Court found the Motion to be well taken and should be granted.

**WHEREFORE, IT IS HEREBY ORDERED:**

1. That the Motion is **granted**;

2. That the Debtor is authorized to proceed to consummate the sale of the surplus vehicles and trailers described in the Motion to its employees for the values set forth in Exhibit No. 1 to the Motion;

3. That the Debtor is authorized to liquidate the remaining items set forth in Exhibit No. 1 for which bids have yet to be received by private sale or through an auction process without the need for further Court approval or intervention;

4. That the Debtor is authorized to enter into, execute, and deliver such bill of sale, title certificate, or other document of conveyance necessary to sell, convey and transfer the right, title and interest of the Debtor in and to the surplus vehicles and trailers to the respective purchasers;

5. That, in addition to authorizing the transactions contemplated by the Motion, the Court further finds that: (a) the purchasers of the vehicles and trailers are good-faith purchasers under 11 U.S.C. § 363(m); (b) that the sale of the surplus vehicles and trailers according to the procedure set forth in the Motion does not involve improper conduct, collusion and cannot be avoided under grounds set forth under 11 U.S.C. § 363(n); (c) that all claims of liens and encumbrances including, but not limited to, the claim of Greystone Credit II, L.L.C., other secured creditors of the Debtor or other creditors whose claims could act as liens against the surplus vehicles and trailers attach to the proceeds of the sale; (d) that, upon consummation of the sale of the surplus vehicles and trailers as contemplated in the Motion, such items shall be deemed sold to the respective purchasers free and clear of any such lien, claim or encumbrance; and (e) that the transactions contemplated by the Motion may be consummated

immediately upon the signing or filing of this Order and pursuant to Fed. R. Bankr. P. 6004(g), the sale of the surplus vehicles and trailers as contemplated by the Motion shall not be stayed pending the expiration of ten (10) days from the entry of this Order; and

6. That, notwithstanding anything contained in Paragraph 5 above to the contrary, the proceeds generated by the sale of the surplus vehicles and trailers constitute cash collateral under 11 U.S.C. § 363(a) and the Debtor is authorized to use such cash collateral for the expenditures set forth in the Budget attached as Exhibit A to Final Order Authorizing Debtor in Possession Financing and Use of Cash Collateral [Document No. 242] or Exhibit B to Amendment to Final Order Authorizing Debtor in Possession Financing and Use of Cash Collateral [Document No. 418] subject to the superpriority claims, rights and security interests of Greystone Credit II, L.L.C. therein.

### ###

**APPROVED FOR ENTRY:**

*s/ Mark S. Dessauer*
Mark S. Dessauer, Esq. (TN BPR NO. 010421)
HUNTER, SMITH & DAVIS, LLP
Post Office Box 3740
Kingsport, Tennessee 37664
E-mail: dessauer@hsdlaw.com
(423) 378-8840; Fax: (423) 378-8801
Attorney for Debtor

**DESSAUER: A-B**
**APPALACHIAN OIL**
**APPCO.85049**