# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| In re: | * | Chapter 11 |
| | * | Case No. 2:09-bk-50259 |
| **APPALACHIAN OIL COMPANY, INC.,** | * | |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMMITTEE'S OBJECTION TO JOINT MOTION FOR ENTRY AND FILING OF INTERIM THIRD AMENDMENT TO FINAL ORDER AUTHORIZING DEBTOR IN POSSESSION FINANCING AND USE OF CASH COLLATERAL AND AMENDMENT TO SETTLEMENT ORDER

The Official Committee of Unsecured Creditors (the "Committee"), appointed in the chapter 11 bankruptcy case of Appalachian Oil Company, Inc. ("Appco" or the "Debtor"), hereby files this objection (the "Objection") to the Joint Motion for Entry and Filing of Interim Third Amendment to Final Order Authorizing Debtor in Possession Financing and Use of Cash Collateral and Amendment to Settlement Order (the "Joint Motion") filed by the Debtor and Greystone Business Credit II, LLC ("Greystone"), and in support thereof, states as follows:

1. On February 9, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is continuing in possession of its property and the management of its business as a debtor-in-possession, pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2. On February 24, 2007, the United States Trustee appointed the Committee herein.

3. On June 10, 2009, the Bankruptcy Court entered an Order (the "Settlement Order") approving an extensively negotiated global compromise and settlement by and between the Debtor, the Committee, Greystone, Management Properties, Inc. ("MPI"), MacLean, Inc. ("MacLean"), and the Jack W. Cummins, Sr. Irrevocable Trust for the Children of Jack W.

Cummins, Jr., Sara G. MacLean, Inc. (the successor to the Jack W. Cummins, Sr. Irrevocable Trust for the Children of Jill C. MacLean), and the Linda R. MacLean Irrevocable Trust (collectively, the "Cummins Trust", and together with MPI and MacLean, the "Landlords"), and the Debtor's former shareholders. Pursuant to the Settlement Order, upon the closing of the settlement agreement (as defined in the Motion for Approval of Compromise and Settlement filed with the Court on May 8, 2009 and attached thereto as an Exhibit), there shall be carved out from Greystone's liens and claims to the net sale proceeds from the sale of the assets of the Debtor's estate for the benefit of general unsecured creditors (the "Unsecured Creditor Carve Out"), the following amounts:

A. $250,000 of the first proceeds in excess of $4 million of the net sale proceeds paid to Greystone;

B. 5% of all net sale proceeds in excess of $4,200,000 until net sale proceeds of $8 million are reached;

C. 10% of all net sale proceeds in excess of $8 million until net sale proceeds of $10 million are reached; and

D. 5% of all net sale proceeds in excess of $10 million.

4. On June 11, 2009, the Bankruptcy Court entered a Second Amendment to Final Order Authorizing Debtor in Possession Financing and Use of Cash Collateral (the "Second Amended Financing Order"). Pursuant to the Financing Order, Greystone agreed to increase the maximum amount available to be borrowed under the post-petition financing facility (the "DIP Facility") to $3,150,000.

5. On July 15, 2009, the Debtor and Greystone filed their Joint Motion seeking (a) approval to increase the DIP Facility by $200,000, for a total of $3,350,000, with the remaining

provisions of the Second Amended Financing Order remaining in full force and effect, and (b) to amend the terms of the Settlement Order so that the Unsecured Creditor Carve Out would prove as follows:

  A. $250,000 of the first proceeds in excess of $4,200,000 of the net sale proceeds paid to Greystone;

  B. 5% of all net sale proceeds in excess of $4,450,000 until net sale proceeds of $8 million are reached;

  C. 10% of all net sale proceeds in excess of $8 million until net sale proceeds of $10 million are reached; and

  D. 5% of all net sale proceeds in excess of $10 million.

6. The Committee has no objection to the proposed increase in the Debtor's DIP Facility. However, the Committee objects to the proposed amendment of the Settlement Order. Although the Committee is an integral party to the settlement (and indeed the Committee was the driving party behind the negotiations that resulted in the settlement), the Debtor and Greystone unilaterally filed their Joint Motion seeking an amendment to an important provision of the settlement, a provision which had already been discussed and negotiated by the parties prior to finalizing the terms of the global agreement. In fact, the Committee, the Debtor and Greystone fully contemplated that additional funds may be needed to continue the Debtor's operations through the sale process and the Committee refused to agree to a modification of the Unsecured Creditor Carve Out should the Debtor's DIP Facility be increased and the Debtor and Greystone accepted this as part of the agreement. With full knowledge that the Committee would not agree to the proposed amendment to the Settlement Order, the Debtor and Greystone, filed the Joint

Motion seeking somehow to have the Court order a provision which was intentionally omitted from the negotiated terms of the global agreement.

7. For the reasons outlined herein, the Committee respectfully requests that the Court deny the Debtor and Greystone's request to amend the Settlement Order.

**WHEREFORE**, the Committee respectfully requests that the Court enter an Order denying the Joint Motion with respect to any amendment of this Court's prior Settlement Order.

Dated: July 17, 2009

                              Respectfully submitted,

                              **WHITEFORD, TAYLOR & PRESTON L.L.P.**

                              /s/ John F. Carlton
                              Brent C. Strickland (MD#22704)
                              John F. Carlton (MD#06591)
                              Stephen B. Gerald (MD#26590)
                              Seven Saint Paul Street
                              Baltimore, Maryland 21202
                              Telephone: (410) 347-8700
                              Facsimile: (410) 725-6510

                              **FROST BROWN TODD, LLC**

                              John F. Teitenberg (TN#21940)
                              424 Church Street, Suite 1600
                              Nashville, Tennessee 37219-2308
                              Telephone: (615) 251-5550
                              Facsimile (615) 251-5551
                              Email: jteitenberg@fbtlaw.com

                              Douglas L. Lutz (OH#0064761)
                              2200 PNC Center
                              201 East Fifth Street
                              Cincinnati, Ohio 45202
                              Telephone: (513) 651-6800
                              Facsimile: (513) 651-6981
                              Email: dlutz@fbtlaw.com

                              *Counsel for the Official Committee of*
                              *Unsecured Creditors*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was electronically filed and served via the Court's ECF system this 17th day of July, 2009.

/s/ John F. Teitenberg

NSHLibrary TMP.TMP 84216v1

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was electronically filed and served via the Court's ECF system this 17th day of July, 2009.

/s/ John F. Teitenberg

NSHLibrary TMP.TMP 84216v1