**SO ORDERED.**

**SIGNED this 20 day of July, 2009.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.



_____
**Marcia Phillips Parsons**
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| In re: | * | Chapter 11 |
| APPALACHIAN OIL COMPANY, INC., | * | Case No. 09-50259 |
| | * | |
| Debtor | * | |

# AGREED INTERIM THIRD AMENDMENT TO FINAL ORDER AUTHORIZING DEBTOR IN POSSESSION FINANCING AND USE OF CASH COLLATERAL AND AMENDMENT TO SETTLEMENT ORDER

This matter came before the Court upon Joint Motion for Entry and Filing of Interim Third Amendment to Final Order Authorizing Debtor in Possession Financing and Use of Cash Collateral and Amendment to Settlement Order (the "Motion") of the Debtor Appalachian Oil Company, Inc. (the "Debtor") and Greystone Business Credit II, L.L.C. ("Greystone") to further amend on an interim basis the Final Order Authorizing Debtor in Possession Financing and Use of Cash Collateral (the "Order") [Document No. 242] as previously amended by Amendment to

Final Order Authorizing Debtor in Possession Financing and Use of Cash Collateral (the "Amended Order") [Document No. 418], and Second Amendment to Final Order Authorizing Debtor in Possession Financing and Use of Cash Collateral (the "Second Amended Order") [Document No. 471], and to amend Order Approving Compromise and Settlement By and Among Debtor, Official Committee of Unsecured Creditors, Greystone Business Credit II, L.L.C., Former Shareholders and Landlords [Document No. 461] (the "Settlement Order"). The Official Committee of Unsecured Creditors ("Committee") objected to the Motion, and the parties having agreed, as evidenced by the signatures of counsel below, to resolve the objection on the terms set forth in herein, **IT IS HEREBY ORDERED** that the Order, Amended Order and Second Amended Order are amended as follows:

    1.    That Paragraph F of the Court's findings in the Order is deleted and the following substituted in lieu thereof:

> Debtor has requested that Greystone and Greystone has agreed to continue to provide a secured post petition revolving credit facility in favor of Debtor (the "DIP Facility") pursuant to which Debtor may obtain post petition loans from time to time ("DIP Loans"), in an amended, increased aggregate amount up to Three Million Three Hundred Fifty Thousand and 00/100 Dollars ($3,350,000.00) outstanding at any time, including amounts previously advanced pursuant to the Interim Order, the Order, the Amended Order, and the Second Amended Order, for the purposes set forth in the budget attached as Exhibit A to the Order, the budget attached as Exhibit B to the Amended Order and the Budget attached as Exhibit C to the Second Amended Order (or at any time amended with the written consent of Greystone, herein the "Budget"), secured by all assets of Debtor, wherever located and whether arising prior to or after the Petition Date, provided however, that Greystone shall not have any security interest or lien upon any cause of action that Debtor may have pursuant to Chapter 5 of the Bankruptcy Code; provided that Greystone's liens and security interests shall be junior to the liens and security interests granted to the Product Vendors pursuant to their Order and provided further that, unless waived by Greystone, Debtor's ability to obtain financing is conditional on its ability to generate the sales set forth in the Budget;

2. That Paragraph 1 of the Order, Paragraph 2 of the Amended Order, and Paragraph 2 of the Second Amended Order are amended to reflect an increase in the amount of the DIP Facility from Three Million One Hundred Fifty Thousand and 00/100 Dollars ($3,150,000.00) to Three Million Three Hundred Fifty Thousand and 00/100 Dollars ($3,350,000.00) with the same maturity date of July 26, 2009, as set forth in the Second Amended Order;

3. That all other provisions of the Order, the Amended Order, and the Second Amended Order are adopted and incorporated herein by reference, and shall remain in full force and effect;

4. That the capitalized terms used herein shall have the same meaning as set forth in the Order, the Amended Order, and the Second Amended Order;

5. That the Settlement Order is amended as follows:

> The first full paragraph of Page 5 of the Settlement Order is deleted and the following substituted in place thereof:
>
> > **ORDERED** that, upon and following closing of the Settlement Agreement as modified herein, and the execution of all documents and agreements necessary for the closing of the Settlement Agreement as modified by this Order, there shall be carved out from Greystone's liens and claims to the net sale proceeds from the sale of the assets of the Debtor's estate for the benefit of general unsecured creditors, the following amounts:
> >
> > A. $250,000 of the first proceeds in excess of $4,200,000 of the net sale proceeds paid to Greystone;
> >
> > B. 5% of all net sale proceeds in excess of $4,450,000 until net sale proceeds of $8,200,000 million are reached;

C. 10% of all net sale proceeds in excess of $8,200,000 until net sale proceeds of $10,200,000 are reached; and

D. 5% of all net proceeds in excess of $10,200,000, and it is further . . .

6. In the event Debtor and/or Greystone move for, or submit an order providing for, a further increase in the maximum, aggregate amount of the DIP Facility to an amount in excess of $3,350,000, and such a request is approved, then paragraph 5 of the Settlement Order shall automatically be amended to reflect the following:

(i) the amount of $4,200,000 in paragraph 5A. shall be increased by the amount equal to fifty per cent (50%) of the total amount advanced pursuant to the DIP Facility in excess of $3,350,000, provided that the amount in paragraph 5A of the Settlement Order shall never exceed $4,500,000 unless the Committee consents in writing to a further increase.

(ii) the amount of $4,450,000 in paragraph 5B. shall be increased by the amount equal to fifty per cent (50%) of the total amount advanced pursuant to the DIP Facility in excess of $3,350,000, provided that the amount in paragraph 5A of the Settlement Order shall never exceed $4,750,000 unless the Committee consents in writing to a further increase.

(iii) the amounts of $8,200,000 and $10,200,000 in paragraph 5C. shall be increased by the amount equal to fifty per cent (50%) of the total amount advanced pursuant to the DIP Facility in excess of $3,350,000, provided that the amounts in paragraph 5C. of the Settlement Order shall never exceed $8,500,000 and $10,500,000 respectively unless the Committee consents in writing to a further increase.

The Settlement Order shall remain in effect and unaltered in all other respects.

7. That a final hearing on the Motion is scheduled for August 11, 2009 at 9:00 a.m., Bankruptcy Courtroom, James H. Quillen United States Courthouse, Greeneville, TN; and

###

**APPROVED FOR ENTRY:**

***s/Mark S. Dessauer***
Mark S. Dessauer, Esq. (BPR NO. 010421)
HUNTER, SMITH & DAVIS, LLP
Post Office Box 3740
Kingsport, Tennessee 37664
(423) 378-8840; Fax: (423) 378-8801
dessauer@hsdlaw.com
Attorney for Debtor


***/s/ Craig V. Gabbert, Jr.***
Craig V. Gabbert, Jr.
Glenn B. Rose (BPR NO. 010598)
HARWELL HOWARD HYNE GABBERT & MANNER, PC
315 Deaderick Street, Suite 1800
Nashville, Tennessee 37238
(615) 256-0500; Fax: (615) 251-1059
Counsel for Greystone Credit II, LLC.


/s/ John F. Carlton
John F. Carlton
WHITEFORD TAYLOR & PRESTON LLP
Seven Saint Paul Street
Baltimore, MD 21202
(410) 347-8700
Counsel for Official Committee of Unsecured Creditors