UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| APPALACHIAN OIL COMPANY, INC. | * | CASE NO. 2:09-bk-50259 |
| | * | Chapter 11 |
| Debtor | * | |

## MEMORANDUM BRIEF IN OPPOSITION TO MOTION FOR RELIEF FROM STAY FILED BY AGNES C. DAVIS

The Debtor, Appalachian Oil Company, Inc. (the "Debtor" or "APPCO"), submits the following memorandum brief in opposition to motion for relief from stay filed by Agnes C. Davis [DOCUMENT NO. 138]. The Debtor contends that the motion is not well taken and should be denied.

## INTRODUCTION AND FACTUAL BACKGROUND

The Debtor filed a voluntary Chapter 11 petition in bankruptcy on February 9, 2009. On March 26, 2009, Ms. Davis filed a motion for relief from stay seeking the lifting of the automatic stay so that she may take possession of certain leased premises located in Wythe County, Virginia. Ms. Davis claims that there was a pre-petition termination of the lease agreement between she and the Debtor, a copy of which was attached as Exhibit A to her motion. The Debtor contends that the pre-petition notice given by Ms. Davis was legally insufficient to terminate the lease and, as a result, the automatic stay of 11 U.S.C. § 362(a) remains in effect.

**Summary of Pertinent Lease Provisions**

The lease agreement is dated September 3, 1991 and is between Ms. Davis, as lessor, and Appalachian Oil Company of Virginia, as lessee (the "Lease"). The Lease provides for the lease of a "parcel of land located in Wythe County, Virginia, and known as the Interstate Discount Convenience Store, located off of Interstate 81 at Exit 25, Route 2, Wytheville, Virginia 24382 . . ." The Lease contains an original term of seven (7) years with two options of five (5) years each, with the second five (5) year option expiring on August 31, 2013.

The default provisions relating to the failure to pay rent are found in Article IV - Section 10 of the Lease which states in pertinent part as follows:

> If tenant [sic] shall fail to pay any rent to LESSOR when such rent is due and payable under the terms of this lease, and such default shall continue for a period of ten (10) days after written notice thereof has been given to LESSEE by LESSOR, or if LESSEE shall fail to perform any other duty or obligation imposed upon him [sic] by the terms of this lease, and such default shall continue for a period of twenty (20) days after written notice of such default has been given to LESSEE by LESSOR, or if LESSEE shall be adjudged bankrupt, or made a general assignment for the benefit of creditors, or if a receiver of any property of LESSEE in or upon the demised premises be appointed in any action, suit or proceeding by or against LESSEE and such appointment shall not be vacated or annulled within sixth (60) days, or if the interest of LESSEE in the demised premises shall be sold under execution or other legal process, then and in any such event LESSOR shall have, in addition to any other rights and remedies to which she may be entitled, the right to enter upon the demised premises and again have, repossess and enjoy the same as if this lease had not been made, and thereupon this lease shall terminate without prejudice, however, to the right of LESSOR to recover from LESSEE all rent due under this Lease . . .

**Davis Letter of January 24, 2009**

Ms. Davis' letter of January 24, 2009, which she claims terminates the Lease, states as follows:

> Appalachian Oil Co., Inc.
> Box 1500 Highway 75
> Blountville, Tenn. 37617
>
> Dear Sir:
>
> Due to breach of Contract I will be compelled to contact another Oil Co. to take over the business at my Station at Fort Chiswell.
>
> Sincerely,
> Agnes C. Davis

**ARGUMENT**

The Debtor contends that the only legal issue in dispute is whether Ms. Davis' letter of January 24, 2009 constitutes a pre-petition termination of the Lease under applicable state law.

**1. Applicable State Law**

The Lease does not contain a specific choice of law provisions but states in Article VII - Severability:

> . . . Moreover, all articles, paragraphs or covenants contained herein shall be construed in accord with all applicable local, state and federal laws such as to give them full force and effect.

This provision does not appear to designate a specific state law as controlling.

A federal court is to apply the choice of law rules of the state in which the court sits. Klaxon Co. v. Stentor Ele. Mfg. Co., 313 U.S. 487, 496 (1941); Anderson, Inc. v. Consol, Inc., 348 F.3d 496, 501 (6th Cir. 2003). Thus, Tennessee conflict of law rules apply in determining the state law that is applicable in construing the Lease and whether it was terminated.

It is the general rule in Tennessee that "the construction and validity of a contract are governed by the law of the place where the contract is made." Ohio Casualty Insurance Company v. The Travelers Indemnity Company, 493 S.W.2d 465, 466 (Tenn. 1973). The Tennessee conflict of laws rule provides that rights and obligations under a contract are governed by the law of the state to which it is made and that the intention of the parties in this respect is to be gathered from the terms of the instruments and all of the attending circumstances. Bowman v. Price, 143 Tenn. 366, 226 S.W. 210 (1920); Deaton v. Wise, 186 Tenn. 364, 210 S.W. 2d 665, 668 (1948). Tennessee generally applies the *lex loci* contracts rule but "in certain situations, the law of the place of performance will be applied instead of the traditional rule." Solomon v. Flo Warr Management, Inc., 777 S.W.2d 701, 705 N. 5 (Tenn. App. 1989).

The Lease at the time of its inception was between a Virginia resident, a Virginia corporation and governed property located in Virginia. The issue here is one of performance which had to take place in Virginia by the payment of rent to Ms. Davis for the month of January, 2009. Thus, the circumstances demonstrate that the Lease was entered into solely with reference to Virginia. There appears to be no other reason that the law of another state such as Tennessee would apply. The Debtor, therefore, contends that the issues of whether the January 24, 2009 letter was sufficient to terminate the Lease should be addressed under Virginia law.

4

## 2. Ms. Davis' January 24, 2009 letter was legally insufficient to terminate the Lease.

In Virginia, a notice to terminate a landlord and tenant relationship must be clear and unequivocal, leaving no doubt as to the intention of the party giving it. Antrim's Ex'r v. Parker, 158 Va. 1, 163 S.E. 71 (1932); Epes v. Palmieri, 181 Va. 332, 25 S.E. 2d 279 (1943); Patterson v. National Advertising Company, 213 Va. 562, 193 S.E. 2d 676, 678 (1973).

Ms. Davis' letter states:

> Due to the breach of Contract, <u>I will be compelled</u> to contact another Oil Co. to take over the business at my Station at Fort Chiswill . . .

(Emphasis added). The use of the words "will be compelled" gives rise to doubt as to Ms. Davis' intention because the letter gives no indication as to when she will be so compelled. She also states that she will contact another oil company, not contract with another company, nor is the company identified. Further, the word "termination" is never used in the letter which the Debtor argues would or should be necessary for a "clear and unequivocal" termination of a contract which, in this instance, is a lease. *See* Patterson v. National Advertising Company, 193 S.E. 2d at 678. The letter, when viewed on its face, constitutes more of a threat to find another tenant, rather than a communication of a clear and unequivocal termination of the Lease.

Virginia also recognizes certain general rules of contract construction. These rules include that words in a contract are to be construed in accordance with their plain, natural and obvious meaning, Butler Brothers-Huff Co. v. Virginia Ry. Co., 73 S.E. 441, 113 Va. 28 (1912); that all the language used must be considered and its true meaning determined, if possible, Gordon Metal Co. v. Kingon & Co., 111 S.E. 99, 132 Va. 229 (1922); and that, when the meaning of contract language is clear and the contract needs no interpretation, the court is

bound to adhere to it as an authentic expression of the intention of the parties. Carter v. Carter, 121 S.E. 2d 482, 202 Va. 892 (1961). [1]

The Lease provides in Article IV, Section 10 in part as follows:

> If tenant shall fail to pay any rent to LESSOR when such rent is due and payable under the terms of this Lease, and such default shall continue for a period of ten (10) days after written notice thereof has been given to LESSEE by LESSOR **. . .** then and in any such event LESSOR shall have, in addition to any other rights and remedies to which she may be entitled, the right to enter upon the demised premises and again have, repossess and enjoy the same as if this lease had not been made, and thereupon this lease shall terminate **. . .**

The Debtor contends that this provision unequivocally requires the lessor to re-enter before the Lease is terminated. It is not until there is repossession that the Lease, pursuant to the language of Article IV, Section 10, is terminated. Ms. Davis' motion sets forth in Paragraph 2 that "the Debtor has remained in possession and has refused to vacate the premises." This allegation conclusively establishes that she never re-entered to repossess the leased premises. Thus, the language of the Lease itself likewise leads to the conclusion that Ms. Davis' letter of January 24, 2009 was legally insufficient to terminate the Lease.

## **CONCLUSION**

For the reasons set forth herein, the motion for relief from stay of Agnes C. Davis should be denied as the January 24, 2009 letter was insufficient as a matter of law to terminate the Lease.

---

[1] **Tennessee recognizes similar rules of contract construction.** *See* **St. Paul Surplus Lines Insurance Company v. Bishop Gate Insurance Company, 725 S.W.2d 948, 951 (Tenn. App. 1986).**

HUNTER, SMITH & DAVIS, LLP

By:    */s/Mark S. Dessauer*
      Mark S. Dessauer, Esq.
      TN BPR NO. 010421
      Attorney for Debtor
      Post Office Box 3740
      Kingsport, Tennessee 37664
      (423) 378-8840; Fax: (423) 378-8801

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 28, 2009 the **Memorandum Brief in Opposition to Motion for Relief From Stay Filed by Agnes C. Davis** was filed electronically. The following parties will receive copies of these documents. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties, if any, have been served by hand delivery, overnight delivery, facsimile transmission, electronic mail, or by mailing a copy of same by United States Mail, postage prepaid.

      Daniel R. Bieger, Esq.
      Copeland & Bieger, P.C.
      P.O. Box 1296
      Abingdon, Virginia 24212

**HUNTER, SMITH & DAVIS, LLP**

      */s/ Mark S. Dessauer*
      Mark S. Dessauer

DESSAUER: A-B
APPALACHIAN OIL
APPCO.85049