UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENVILLE DIVISION

IN RE:

| | | |
|---|---|---|
| Appalachian Oil Company, Inc. | ) | Chapter 11 Case No. |
| Debtors | ) | 09-50259 |

---

| | |
|---|---|
| Agnes C. Davis | ) |
|     Movant | ) |
| | ) |
| v. | ) |
| | ) |
| Appalachian Oil Company, Inc. | ) |
|     Respondent | ) |

**REPLY TO DEBTOR'S MEMORANDUM BRIEF IN OPPOSITION
TO MOTION FOR RELIEF FROM STAY FILED BY
AGNES C. DAVIS**

Now comes Agnes C. Davis, by counsel, and for her reply states as follows:

**ARGUMENT**

Agnes C. Davis agrees with the Debtor that the lease that is the subject of the Motion for Relief from Stay is a commercial lease of land located in Virginia and that the applicable state law to determine the sufficiency of notice is Virginia law.

We agree with the Debtor that in Virginia, in order to terminate a lease, the notice to terminate must be clear and unequivocal leaving no doubt as to the intention of the party giving it. *See* 11B Michie's Jurisprudence, Landlord and

Tenant, § 46 Sufficiency of Notice. The effect of such notice is to put an end to the relationship of landlord and tenant. *Id*. We disagree with the Debtor because the notice was clear and unequivocal.

The termination letter dated January 24, 2009 letter states:

> Appalachian Oil Co., Inc.
> Box 1500 Highway 75
> Blountville, Tenn. 37617
>
> Dear Sir:
>
> > Due to the breach of Contract I will be compelled to contact another Oil Co. to take over the business at my Station at Ft. Chiswell.
> >
> > Sincerely,
> > Agnes C. Davis

We disagree with the Debtor that the words "will be compelled" give rise to doubt or uncertainty. The Debtor knew they had an obligation to pay rent and they breached it. Furthermore, the word "termination," although not used in the letter, is not necessary. The phrase used by Ms. Davis that she *will* contact another oil company *to take over the business at the station* is consistent only with a termination of the existing leasehold.

Additionally, we disagree with the Debtor's interpretation that the letter when viewed on its face contains more of a threat to find another tenant rather than a communication of a clear and unequivocal termination of the lease. The

2

landlord did *not* say "unless you pay the rent I will be compelled..." which would be a threat. On the contrary Ms. Davis said because the Debtor had breached the contract "I will be compelled to contact another Oil Co..." which is not a threat. The fact that she is compelled to do something leaves no doubt as to what she is going to do. Thus there is a clear an unequivocal termination of this lease.

Lastly, the Debtor's argument that the landlord is required to take possession of the property and, if she does not then the lease is not terminated, is without merit. The lessor's right to take possession of the property is "in addition to any other rights and remedies to which she may be entitled..." *See* Lease, Article IV, Section 10.

## CONCLUSION

For the reasons stated herein the Motion for Relief from Stay filed by Agnes C. Davis should be granted and the letter of January 24, 2009 be deemed sufficient as a matter of law to terminate the lease.

AGNES C. DAVIS<br>
- by counsel -

/s/Daniel R. Bieger, Esq.  BPR #015742
COPELAND & BIEGER, P.C.
P.O. Box 1296
Abingdon, VA 24212
(276) 628-9525
(276) 628-5901 - Fax
Counsel for Agnes C. Davis

## **CERTIFICATE OF SERVICE**

I, Daniel R. Bieger, Esq., do hereby certify that on the 4th day of August, 2009 I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF System which will send notification of such filing to the following:

Edward T Brading on behalf of Creditor Kenneth Shaw
ebrading@lawyerfirm.com, etbrading@gmail.com;dlparker@lawyerfirm.com

James S. Carr on behalf of Creditor BP Products North America Inc.
KDWBankruptcyDepartment@kelleydrye.com;BankruptcyDepartment3@Kelleydrye.com

Mark S. Dessauer on behalf of Debtor Appalachian Oil Company, Inc.
dessauer@hsdlaw.com, bchase@hsdlaw.com

Joseph D. Frank on behalf of Creditor Bottling Group, LLC d/b/a The Pepsi Bottling Group
jfrank@fgllp.com, ccarpenter@fgllp.com;jkleinman@fgllp.com

Nicholas A. Franke on behalf of Creditor Crescent Oil Company, Inc.
nfranke@spencerfane.com,
ollier@spencerfane.com,;ssidebottom@spencerfane.com;lepps@spencerfane.com

Margaret B. Fugate on behalf of Creditor Frank Haws
mfugate@afglaw.com, mfugateda@ecf.epiqsystems.com

Craig V. Gabbert on behalf of Creditor Greystone Credit II, LLC
cvg@h3gm.com

Maurice K. Guinn on behalf of Creditor Premium Financing Specialists, Inc.
mkg@tennlaw.com

Robert A. Guy on behalf of Creditor YA Landholdings 7, LLC
bobby.guy@wallerlaw.com,
Chris.Cronk@wallerlaw.com;bk@wallerlaw.com;jason.shields@wallerlaw.com;chris.siderys@wallerlaw.com

Rebecca B. Howald on behalf of Creditor Travelers Casualty and Surety Company of America howald@manierherod.com

Gene L. Humphreys on behalf of Creditor Titan Global Holdings, Inc.
ghumphreys@bassberry.com, bankr@bassberry.com

Crystal A. Johnson on behalf of Creditor Great Plains Coca-Cola Bottling Company
cjohnson@cwlaw.com, lskinner@cwlaw.com;OKC_ECF@cwlaw.com

Gregory C. Logue on behalf of Creditor Linda R. MacLean Irrevocable Trust
logueg@wmbac.com

William F. McCormick on behalf of Creditor Tennessee Department of Labor and Workforce Development - Unemployment Insurance
agbankstair@ag.tn.gov, agbankparsons@ag.tn.gov

Kiran A. Phansalkar on behalf of Creditor Great Plains Coca-Cola Bottling Company
kphansalkar@cwlaw.com, lskinner@cwlaw.com;OKC_ECF@cwlaw.com

Rachel E. Ralston on behalf of Debtor Appalachian Oil Company, Inc.
rralston@hsdlaw.com

Glenn B. Rose on behalf of Creditor Greystone Credit II, LLC
gbr@h3gm.com, usbcmail@h3gm.com

Thomas H. Shields on behalf of Creditor Anthony Cummins
thshields@bearmc.com, dmathes@bearmc.com

Robert E. Stone on behalf of Interested Party GEC LLC
bstone@zgolaw.com

William B. Sullivan on behalf of Creditor R.J. Reynolds Tobacco Company, Inc.
bankruptcy@wcsr.com

John F. Teitenberg on behalf of Unsecured Creditors Committee Official Committee of Unsecured Creditors
jteitenberg@fbtlaw.com

United States Trustee
Ustpregion08.kx.ecf@usdoj.gov

Walter N. Winchester on behalf of Creditor McDonald's Corporation
wwinchester@wsfs-law.com

and I hereby certify that I have mailed by United States postal Service the document to the following non-CM/ECF participants:

John F. Carlton on behalf of Plaintiff Official Committee of Unsecured Creditors
Whiteford, Taylor & Preston, L.L.P.
Seven Saint Paul Street
Baltimore, MD 21202

Carolyn G. Chance
Rt. 1, Box 76
Jonesville, Va 24263

Stephen B. Gerald on behalf of Unsecured Creditors Committee Official Committee of Unsecured Creditors
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, MD 21202-1636

Recovery Management Systems Corporation
25 SE 2nd Ave
Suite 1120
Miami, FL 33131-1605

Lisa B. Tancredi on behalf of Creditor Travelers Casualty and Surety Company of America
Gebhardt & Smith LLP
One South Street, Suite 2200
Baltimore, MD 21202-3281

Wizard Inc.
P.O. Box 134
Jackson, KY 41339

/s/Daniel R. Bieger, Esq.