**SO ORDERED.**

**SIGNED this 14 day of August, 2009.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.



_____
Marcia Phillips Parsons
UNITED STATES BANKRUPTCY JUDGE

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| APPALACHIAN OIL COMPANY, INC. | * | CASE NO. 2:09-bk-50259 |
| | * | Chapter 11 |
| Debtor | * | |

# O R D E R

The motion of Debtor, Appalachian Oil Company, Inc., to sell and assign property free and clear of liens and encumbrances and for use of cash collateral (the "Motion") came on for hearing before the Honorable Marcia P. Parsons, United States Bankruptcy Judge, United States Bankruptcy Court, Eastern District of Tennessee, on the 13th day of August, 2009. After review of the record and noting no objections to the Motion had been filed, the Court found the Motion to be well taken and should be granted.

**WHEREFORE, IT IS HEREBY ORDERED:**

1. That the Motion is **granted**;

2. That the Debtor is authorized to proceed to consummate the sale of the Dealer Business (as defined in the Motion) to Riggs Oil Company for the sum of $62,666.00;

3. That the Debtor is authorized to enter into and deliver such bill of sale, assignment, or other document of conveyance necessary to sell, convey and transfer the right, title and interest of the Debtor in and to the Dealer Business and the Supply Contracts (as defined in the Motion) to Riggs Oil Company;

4. That, in addition to authorizing the transactions contemplated by the Motion, the Court further finds that: (a) Riggs Oil Company is a good-faith purchaser of the Dealer Business under 11 U.S.C. § 363(m); (b) that the sale of the Dealer Business to Riggs Oil Company does not involve improper conduct, collusion and cannot be avoided under grounds set forth under 11 U.S.C. § 363(n); (c) that all claims of liens and encumbrances including, but not limited to, the claim of Greystone Business Credit II, L.L.C., other secured creditors of the Debtor or other creditors whose claims could act as liens against the Dealer Business attach to the proceeds of the sale; (d) that upon consummation of the sale of the Dealer Business as contemplated in the Motion, the Dealer Business shall be deemed sold to Riggs Oil Company free and clear of any such lien, claim or encumbrance; and (e) that the transactions contemplated by the Motion may be consummated immediately upon the signing or filing of this Order and pursuant to Fed. R. Bankr. P. 6004(g), the sale of the Dealer Business as contemplated by the Motion shall not be stayed pending the expiration of ten (10) days from the entry of this Order; and

5. That, notwithstanding anything contained in Paragraph 4 above to the contrary, the proceeds generated by the sale of the Dealer Business to Riggs Oil Company constitute cash collateral under 11 U.S.C. § 363(a) and the Debtor is authorized to use such cash collateral for the expenditures set forth in the budgets attached as Exhibit A to Final Order Authorizing Debtor in Possession Financing and Use of Cash Collateral [Document No. 242], Exhibit B to Amendment to Final Order Authorizing Debtor in Possession Financing and Use of Cash Collateral [Document No. 418], Exhibit C to Second Amendment to Final Order Authorizing Debtor in Possession Financing and Use of Cash Collateral [Document No. 471], and Exhibit D to Fourth Amendment to Final Order Authorizing Debtor in Possession Financing and Use of Cash Collateral [Document 566], subject to the superpriority claims, rights and security interests of Greystone Business Credit II, L.L.C. therein.

###

**APPROVED FOR ENTRY:**

*s/ Mark S. Dessauer*
Mark S. Dessauer, Esq. (TN BPR NO. 010421)
HUNTER, SMITH & DAVIS, LLP
Post Office Box 3740
Kingsport, Tennessee 37664
E-mail: dessauer@hsdlaw.com
(423) 378-8840; Fax: (423) 378-8801
Attorney for Debtor

**DESSAUER: A-B
APPALACHIAN OIL
APPCO.85049**