# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

IN RE: )
) Case No. 09-50259
APPALACHIAN OIL COMPANY, INC., ) Chapter 11
)
Debtor. )

## OBJECTION OF MCDONALD'S CORPORATION TO
## MOTION TO SELL PROPERTY

COMES **MCDONALD'S CORPORATION** (hereinafter "**McDonald's**"), by and through counsel, and in Response to the Debtor's Motion to Sell Property (hereinafter "Motion"), would say unto the Court as follows:

1. That McDonald's is the Lessor of the Lease with regard to what the Debtor refers to as APPCO No. 64 in Johnson City, Tennessee, which is evidenced of a Ground Lease and Operating Agreement dated June 17, 1996, by and between McDonald's and the Debtor. This location is comprised of a McDonald's Restaurant (not leased by the Debtor) and a full service Convenience Store and Gas Station (leased by the Debtor) located at 3100 Browns Mill Road, Johnson City, Tennessee, currently being operated by the Debtor (hereinafter the "Lease" or "Leased Premises").

2. That Debtor has filed a Motion to Sell Property and Assume and Assign Unexpired Leases. The Motion is set for hearing on September 1, 2009, and such Motion indicates the Debtor's intent to assume and bring current the Lease and then assign such Lease to Florida Sunshine Investments I, Inc.

3. That McDonald's, subject to the conditions set forth herein, does not object to the Debtor Motion to Assume the Lease so long at the Debtor pays all amounts owing, including, but not limited to, unpaid rent, all taxes, maintenance fees and charges, attorney's fees and expenses

and all other amounts due under said Lease, to McDonalds as of the date of such assumption so that such Lease is current in all aspects. The Motion filed by the Debtor, in Paragraph 36, is inaccurate to the extent it says that only a portion of February of 2009 rent is due to McDonald's. A portion of the February of 2009, rent is due McDonald's, but the Debtor also owes rent for January of 2009 on the Leased Premises, taxes for 2008 on the Leased Premises and certain other amounts due under the Lease.

4. That since the Leased Premises is connected to a McDonald's Restaurant, McDonald's has serious concerns regarding the ability of Florida Sunshine Investments I, Inc. to perform under the terms of said Lease. The Lease is very specific as to how the Leased Premises must be stocked with inventory, how much and what kind of gasoline has to be on hand, how the Lease Premises must be maintained and how many hours each day the Lease Premised must remain open. How business at the Leased Premises is conducted can have a very detrimental, or very positive, effect on the business of the McDonald's Restaurant attached to the Leased Premises.

5. 11 U.S.C. §365(f)(2) states that the "trustee [the debtor here] may assign any executory contract or lease of the debtor only if (A) the trustee [debtor] assumes such contract or lease in accordance with the provisions of this section; and (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease."

6. That the Motion filed by the Debtor does not provide any financial information regarding the potential assignee, Florida Sunshine Investments I, Inc., of the Lease. The Motion does not provide any business information regarding Florida Sunshine Investments I, Inc., i.e., is Florida Sunshine Investments, I, Inc., in the same business as the debtor, if so, how many

locations does Florida Sunshine Investments I, Inc. have and where are they located, how long has Florida Sunshine Investments I, Inc., been in such business and who are its owners? Most importantly, the Motion does not provide any information regarding the experience of Florida Sunshine Investments I, Inc., in the oil business. Will they be able to adequately stock the inventory at the leased premises and will they be able to adequately provide gas at the leased premises? These questions must be answered by the Debtor to show "adequate assurance of future performance by the assignee." The Motion does not answer these questions.

7. That the Motion does not provide such information to McDonald's for it to determine if Florida Sunshine Investments I Inc. can perform under the Lease. The Debtor has provided to McDonald's contact information for Florida Sunshine Investments I, Inc., but the Debtor has not provided other information sufficient to McDonald's to show "adequate assurance of future performance by the assignee."

8. That McDonald's objects to the Motion to Assign the Lease because the Debtor has not shown that Florida Sunshine Investments I, Inc. can perform under the terms of the Lease.

WHEREFORE, PREMISES CONSIDERED, McDonald's requests the Court to deny the Debtor's Motion and for such other and further relief as to which McDonald's may show entitlement.

This the 31st day of August, 2009.

                                              **MCDONALD'S CORPORATION**

                                              By:_____/s/ Walter N. Winchester_____

                                                  Walter N. Winchester, BPR #014530
                                                  Attorney for McDonald's Corporation

Winchester, Sellers, Foster & Steele, P.C.
Suite 1000, First Tennessee Plaza
800 South Gay Street
Knoxville, TN  37929
Phone:  (865) 637-1980
Fax: (865) 637-4489
Email: wwinchester@wsfs-law.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and exact copies hereof have been served upon all parties in interest or their counsel by delivering a copy hereof to:

>Greystone Credit II, LLC
>c/o Glenn Rose, Esq.
>Harwell, Howard, Hind, Gabbert & Manor, P.C.
>315 Deaderick St., Suite 1800
>Nashville, TN 37238
>
>John F. Teitenberg, Esq.
>Frost, Brown, Todd, LLC
>424 Church St., Suite 1600
>Nashville, TN 37219-2308
>
>Douglas L. Lutz, Esq.
>Frost, Brown, Todd, LLC
>2200 PNC Center
>201 East Fifth Street
>Cincinnati, OH  45202
>
>Brent C. Strickland, Esq.
>Steven B. Gerard, Esq.
>White, Firth, Taylor & Preston, LLP
>7 St. Paul Street
>Baltimore, MD 21202
>
>Mark S. Dessauer, Esq.
>Hunter, Smith & Davis, LLP
>P.O. Box 3740
>Kingsport, TN 37664

Patricia Foster
Attorney for U.S. Trustee
800 Market Street, Suite 114
Howard H. Baker, Jr., U.S. Courthouse
Knoxville, TN 37902

and to the all creditors and parties in interest listed on mailing matrix attached hereto, by e-mail, by hand delivery or by United States Mail, properly addressed and with sufficient postage thereupon to carry the same to its destination, this the 31st day of August, 2009.

**Winchester, Sellers, Foster & Steele, P.C.**

By:\_\_\_\_\_/s/ Walter N. Winchester_____