IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| APPALACHIAN OIL COMPANY, INC., ) | Case No. 2:09-50259 |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

**LIMITED OBJECTION FILED BY GREYSTONE BUSINESS CREDIT II, LLC TO THE ADEQUACY OF THE INFORMATION CONTAINED IN DEBTOR'S DISCLOSURE STATEMENT AND PLAN OF LIQUIDATION**

COMES NOW, Greystone Business Credit II, LLC ("Greystone"), by and through counsel, and hereby files this limited objection to the adequacy of the information contained in Debtor's Disclosure Statement and Plan of Liquidation (the "Disclosure Statement").

1. Page 20 of the Disclosure Statement provides in part:

> Greystone received $5,676,587.23 of the Florida Sunshine sale proceeds. The Debtor believes this amount was more than sufficient to satisfy Greystone's Superpriority Claim. As a result, Greystone's Superpriority Claim is not treated in the Plan as an administrative expense or otherwise. Once the amount of Greystone's Superpriority Claim is finally determined, the balance will be applied to Greystone's secured claim. The remainder of Greystone's Claim is unsecured.

2. Greystone asserts that this provision needs to be supplemented to inform creditors and other parties in interest that Greystone disputes Debtor's position on this matter. In particular, Greystone asserts that the following provision should be inserted immediately after the above-quoted language:

> Greystone disputes that its Superpriority Claim has been satisfied in full. The Final Order Authorizing Debtor in Possession financing and Use of Cash Collateral, Docket # 242, provides that "The DIP obligations, any and all amounts of cash collateral existing as of the Petition Date or generated from the sale of property in which Greystone had a security interest as of the Petition Date that has been used by the Debtor, and an additional six hundred twenty-five ($625,000.00) of the remaining Obligations of Debtor to Greystone shall have administrative priority in accordance with, and shall constitute an allowed superpriority claim (the "Superpriority Claim") pursuant to Section 364(c)(1) of the Bankruptcy Code over all other administrative expenses in Debtor's case of the kind specified in, or ordered pursuant to, Sections 105, 326,328, 330, 331, 503(a), 503(b), 506(e),

507(a), 507(b), 546(c), 726 or 1114 of the Bankruptcy Code, except for the US Trustee fees which shall have equal priority with any Superpriority Claim of Greystone." Order, ¶ 28.

Between the filing of this bankruptcy case and September 1, 2009, Debtor used significant amounts of Greystone's cash collateral, including cash collateral generated from the collection of receivables, from the sale of inventory in the stores as of the filing date and from several significant sales of assets in which Greystone had a valid prepetition lien pursuant to section 363 of the Bankruptcy Code. As a result, Greystone asserts that its Superpriority Claim has not been satisfied in full. Greystone estimates that the amount remaining due on its Superpriority Claim exceeds $500,000. Greystone intends to seek payment in full of the remaining amounts due on its Superpriority Claim, and in accordance with the Order and absent Greystone's written consent otherwise, Greystone intends to seek payment in full of this amount prior to the payment of any other administrative claims pursuant to the Plan or otherwise, except for prorata payments of US Trustee fees as authorized in the financing order.

3. Absent inclusion of the above language, Debtor's Disclosure Statement does not satisfy the requirements of section 1125 of the Bankruptcy Code and should not be approved.

WHEREFORE, Greystone respectfully requests that the Court order that the Disclosure Statement be amended to include the above language or something substantially similar to it and that the Court grant Greystone such other relief as may be appropriate in this matter, including denying the approval of the Disclosure Statement if Debtor refuses to include this language.

Respectfully submitted,

HARWELL HOWARD HYNE
GABBERT & MANNER, P.C.

/s/ Glenn B. Rose
Craig V. Gabbert, Jr.
Glenn B. Rose
315 Deaderick Street, Suite 1800
Nashville, TN 37238
Telephone: 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
Facsimile: 615-251-1059
Email: cvg@h3gm.com or gbr@h3gm.com

*Counsel for Greystone Business Credit II, LLC*

423237-1