**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| APPALACHIAN OIL COMPANY, INC. | * | CASE NO. 2:09-bk-50259 |
| | * | Chapter 11 |
| Debtor | * | |

# RESPONSE IN OPPOSITION TO AND/OR OBJECTIONS TO REQUEST FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE OF R. J. REYNOLDS TOBACCO COMPANY

The Debtor, Appalachian Oil Company, Inc. (the "Debtor"), submits the following response in opposition to and/or objections to the request for allowance and payment of administrative expense of R. J. Reynolds Tobacco Company ("RJR") [Document No. 806] (the "Request").

In response to the specific allegations set forth in the Request, the Debtor states as follows:

1. Answering Paragraph 1, the allegations contained therein are denied inasmuch as the terms of the Settlement, Release and Cooperation Agreement speak for themselves.

2. Answering Paragraph 2, the allegations contained therein are denied inasmuch as the terms of the Settlement, Release and Cooperation Agreement speak for themselves. The Debtor, however, avers that any "Routine Payments" were not payments by the Debtor to RJR, but deductions from payments due the Debtor under a RJR cigarette marketing program.

3. Answering Paragraph 3, the allegations contained therein are denied. It is further denied that the Debtor made any "Routine Payments" to RJR in 2009 as such amounts were deducted by RJR from payments due the Debtor under a RJR cigarette marketing program.

4. Answering Paragraph 4, the Debtor acknowledges that the allegations contained therein represent a general statement of the law.

5. Answering Paragraph 5, the allegations contained therein are denied.

6. Answering Paragraph 6, the allegations contained therein are denied.

7. Answering Paragraph 7, the allegations contained therein are denied.

8. Answering Paragraph 8, it is admitted the items referenced in that paragraph are attached. The Debtor denies that Exhibit B is a "Marketing Contract" to which the Debtor is a party as it is not signed by the Debtor.

9. Answering Paragraph 9, the Debtor does not object to RJR's present claim as set forth in the Request as being treated as a general unsecured claim.

In specific objection to the Request, the Debtor states as follows:

1. The "benefit of the estate" test recognized in the Sixth Circuit limits administrative claims to those where the consideration for the claim was received during the post-petition period. In re Sunarhauserman, 126 F.3d 811, 816 (6th Cir. 1997). RJR's claim arises from a pre-petition Settlement, Release and Cooperation Agreement (the "Settlement Agreement"). The specific provisions on which the claim is based is Section 1(e)(iii)(A)(3) of the Settlement Agreement which requires a portion of the $1,500,000 payment to RJR be paid in the first eight months of 2009 through a $3.00 per carton deduct by RJR. This provision is reflective of nothing more than an installment payment requirement of a pre-petition obligation of the Debtor

documented by the Settlement Agreement. Clearly, the consideration for this obligation occurred on August 31, 2006 when the Settlement Agreement was signed, not during the post-petition period. RJR's allegations to the contrary are simply an inaccurate characterization of the Settlement Agreement.

2. An executory contract is a contract on which performance remains due on both sides. In re Pro Page Partners, LLC, 270 B.R. 221, 226-27 (Bankr. E.D. Tenn. 2001) *citing* In re Terrell, 892 F.2d 469, 471 (6th Cir. 1989). The Debtor contends that the Settlement Agreement is not an executory contract because there are no material obligations remaining for RJR. It merely sets forth future payment obligations of the Debtor in consideration of a release. The majority of courts which have addressed the issue have found pre-bankruptcy settlement agreements to not constitute executory contracts. *See, e.g.,* In re Innovative Commun. Co., LLC, 2008 WL 2354907 (D.U.I. June 2, 2008); In re Peralda Food Corp., 2008 WL 190503 (Bankr. S.D. Fla., Jan. 18, 2008); In re Columbia Gas Systems, 50 F.3d 233 (3rd Cir. 1995); In re Gencor Industries, Inc., 298 B.R. 902 (Bankr. M.D. Fla. 2003). Additionally, with respect to agreements where one party's obligation is to collect money, the majority of courts have found that such agreements are not executory contracts. *See, e.g.,* In re Norquist, 43 B.R. 224, 228, N. 2 (Bankr. D. Wash. 1984); In re Structurlite Plastic Corp., 86 B.R. 922, 926 (S.D. Ohio 1988). Further, the Marketing Plan Contract (Exhibit B) does not create a binding obligation on the Debtor for future performance because it is not signed by the Debtor. It is merely a means or a marketing arrangement by which funds were generated to pay the Debtor's obligations under the Settlement Agreement. Thus, the Settlement Agreement is not an executory contract upon which an administrative claim can be based.

3. An administrative expense claimant has the burden of demonstrating an administrative expense priority by a preponderance of the evidence. In re Liberty Fibers

Corporation, 383 B.R. 713, 717 (Bankr. E.D. Tenn. 2008), *citing* In re HNRC Dissolution Co., 343 B.R. 839, 843 (Bankr. E.D. Ky.). The claimant must demonstrate that the benefit is more than a speculative or potential benefit. (Id.). Also, Section 503 priorities are to be narrowly construed in order to maximize the value of the estate preserved for the benefit of all creditors. (Id.), *citing* In re United Trucking Serv., Inc., 851 F.2d 159, 164 (6th Cir. 1988). RJR contends that the benefit to the estate consists of certain payments made to the Debtor by RJR under the marketing arrangement; the discounting arrangement for cigarettes made the Debtor more competitive in selling cigarettes; and that discounted cigarettes increased the foot traffic in sales of gas and other products at the Debtor's stores. *See* Request, ¶ 6. However, these contentions are without merit. The payments to the Debtor represent contract obligations of RJR to the Debtor, not a benefit to the estate provided by RJR creating a debt of the Debtor. The Debtor contends that RJR's other two contentions, *i.e.*, increased competitiveness and increased foot traffic, are speculative at best. "In light of the narrow construction required for priorities, it can not be said that [this type of] benefit meets the necessary directness and substantiality required by the Code." Liberty Fibers, 383 B.R. at 719. Therefore, RJR has not and cannot meet its burden that the Settlement Agreement or Marketing Plan Contract (Exhibit B) give rise to a sustainable administrative expense claim.

Accordingly, the Debtor contends that RJR's administrative expense claim should be disallowed in its entirety.

        **HUNTER, SMITH & DAVIS, LLP**

By:    */s/Mark S. Dessauer*
      Mark S. Dessauer, Esq.
      TN BPR NO. 010421
      Attorney for Debtor
      Post Office Box 3740
      Kingsport, Tennessee 37664
      (423) 378-8840; Fax: (423) 378-8801

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 29, 2010, the forgoing: **Response in Opposition to and/or Objections to Request For Allowance and Payment of Administrative Expense of R. J. Reynolds Tobacco Company** was filed electronically. The following parties will receive copies of this pleading. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties, if any, have been served by hand delivery, overnight delivery, facsimile transmission, or by mailing a copy of same by United States Mail, postage prepaid.

        Patricia Foster, Esq.
        Attorney for the U. S. Trustee
        800 Market Street
        Suite 114, Howard Baker U. S. Courthouse
        Knoxville, Tennessee 37902

        William B. Sullivan, Esq.
        Womble, Carlye, Sandridge & Rice, PLLC
        One West Fourth Street
        Winston Salem, North Carolina 27101
        Attorneys for R. J. Reynolds Tobacco Company

        **HUNTER, SMITH & DAVIS, LLP**

        BY  */s/Mark S. Dessauer*
            Mark S. Dessauer

DESSAUER: A-B
APPALACHIAN OIL
APPCO.85049